IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-54050-wlh |
| | ) | |
| LISA CHAMBERS GARDNER, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE that Movant, Lisa Chambers Gardner, has filed a Motion to Reopen and related papers with the Court seeking an order to reopen this case.**

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on Movant's Motion to Reopen to be held in Courtroom 1403, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 9:30 a.m. on July 22, 2020.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least three business days before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

This 18th day of June, 2020.

SMITH, WELCH, WEBB & WHITE, LLC

/s/ **Orion G. Webb**
Orion G. Webb
Georgia State Bar No. 479611
Attorney for Debtor

280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
678-583-4809 Office Number
owebb@smithwelchlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-54050-wlh |
| | ) | |
| LISA CHAMBERS GARDNER, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AMENDED MOTION TO REOPEN WITH**
**MEMORANDUM IN SUPPORT INCLUDED**

COMES NOW **Lisa Chambers Gardner**, Debtor, through counsel, and Pursuant to 11 U.S.C. § 350(b), motions this Court to reopen her case to accord her relief by and for the purpose of amending her Amended Cover Sheet filed on July 13, 2017, which erroneously disclosed that Bank of America had a loan secured by 38.84 acres, and further shows this Court the following:

**Procedural History and Facts**

Bank of America N.A. (hereinafter "BANA") has filed a motion to dismiss based upon a purported "admission" made by Mrs. Gardner in her Amended Cover Sheet filed on July 13, 2017. See BANA's Motion to Dismiss and Supporting Pleadings in Northern District of Georgia Case No. Case 1:20-cv-01843-WMR-RGV attached hereto. Mrs. Gardner's case against BANA stems from a wrongful foreclosure. BANA foreclosed on Plaintiff's undeveloped parcel which abuts to the intended security of her Home Equity Line of Credit ("HELOC"). BANA erroneously recorded the land description for debtor's undeveloped lot next door to her residence, rather than the acreage underlying 275 Butler Bridge Drive, as the security for Debtor's HELOC:

> THE FOLLOWING REAL PROPERTY SITUATED IN COUNTY OF HENRY
> AND STATE OF GEORGIA, DESCRIBED AS FOLLOWS:
> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND
> LOTS 78 AND 79 OF THE 8th DISTRICT OF HENRY COUNTY, GEORGIA,

    CONTAINING 40.26 ACRES, AS SHOWN ON PLAT OF SURVEY MADE FOR BOBBY ABBOTT BY JOE ROWAN, JR., HENRY COUNTY SURVEYOR, DATED JANUARY 16, 1986, RECORDED ON PLAT BOOK 12, PAGE 14, HENRY COUNTY RECORDS. THE DESCRIPTION OF SAID PROPERTY AS CONTAINED ON SAID PLAT IS HEREBY INCORPORATED HEREIN AND BY REFERENCE MADE A PART HEREOF. LESS AND EXCEPT:
ALL THAT TRACT OR PARCEL OF LAND LYING ON BEING IN LAND LOTS 78 OF THE 8th DISTRICT OF HENRY COUNTY, GEORGIA, CONTAINING 1.42 ACRES, AND BEING MORE PARTICULARLY DESCRIBED ACCORDING TO PLAT OF SURVEY MADE FOR JOSEPH ARMOND DANIELL AND ELSIE M. DANIEL BY JOHN M. MASSEY, JR., GEORGIA REGISTERED LAND SURVEYOR NO. 2490, DATED AUGUST 28, 1993, RECORDED INPLAT BOOK 22, PAGE 113, HENRY COUNTY RECORDS. THE DESCRIPTION OF SAID PROPERTY AS CONTAINED ON SAID PLAT IS HEREBY INCORPORATED HEREIN AND BY REFERENCE MADE A PART HEREOF.

    PROPERTY ADDRESS: 275 BUTLER BRIDGE DRIVE

The property address and the property description are in conflict. The clear intention of the parties was that the *home* equity line of credit be secured by the home listed by specific address in the deed, "275 BUTLER BRIDGE DRIVE". See Plaintiff's First Amended Complaint.

    On December 17, 2018, BANA sent a letter entitled "Notice of right to cure the default and intent to accelerate identifying "275 Butler Bridge DR McDonough, GA 30252" as the security for the HELOC". *Id.* In response to BANA's letter, and despite the fact that the security for the HELOC had been foreclosed upon by another lender, Debtor reached out to BANA in order to modify the HELOC loan because she wished to repay her debt, whether or not BANA had security on it. *Id.* In the course of applying for the modification, Debtor advised BANA that it had erroneously recorded the wrong security for the HELOC. *Id.*

    Subsequently, Debtor and BANA have been involved in litigation regarding BANA's wrongful foreclosure of Debtor's 38.84 acre Undeveloped Lot where BANA has alleged that Debtor is estopped from contending another piece of property was intended to be the security collateral for BANA. See BANA's Motion to Dismiss. BANA further contends that because

Debtor made the statement that the undisputed, secured loan was for 38.84 acres in the Bankruptcy schedule, it is a judicial admission that is binding. *Id.*

Due to this improperly identified property and subsequent litigation with BANA, Debtor has recognized that the Schedules and Amended Cover Sheet incorrectly stated the property description of BANA's security deed and Debtor wishes to re-open the case to amend this pleading.

### Argument and Citation to Authority

As noted above, § 350(b) of the Bankruptcy Code permits a bankruptcy case to be reopened "to administer assets, to accord relief to the debtor, or for other cause." *See generally* Fed.R.Bankr.P. 5010 ("[a] case may be reopened on motion of the debtor or other party in interest pursuant to section 350(b) of the Code."). By its reference to "cause," § 350(b) casts a broad net, and a decision in this respect thus necessarily falls within the "sound discretion of a bankruptcy court." *See In re Sheerin,* 21 B.R. 438, 439–40 (1st Cir. BAP 1982); *see also In re Daniel,* 205 B.R. 346, 348 (Bankr.N.D.Ga.1997); *In re Gray*, 57 B.R. 927 (Bkrtcy.D.R.I. 1986). The Court must consider the facts presented in each case and use its discretion to determine whether cause exists to reopen the case. *In re Koch,* 229 B.R. 78, 88 (Bankr.E.D.N.Y.1999) ("The bankruptcy court should exercise its discretion, based upon the peculiar facts present and determine if cause exists and how ultimately to dispose of the case."); *In re Winebrenner,* 170 B.R. 878, 881 (Bankr.E.D.Va.1994). Cases, such as this one, that were dismissed can be reopened because "neither the language of the Section 350 nor the effect of dismissal support the exclusion of a case that has been dismissed and subsequently closed from the operation of Section 350(b)." *In re Ross*, 278 B.R. 269, 273 (Bankr. M.D. Ga. 2001).

The decision to grant a request to reopen a bankruptcy case in order to allow a debtor to amend schedules rests within sound discretion of the bankruptcy court and will not be set aside on

appeal absent abuse of discretion. *In re Moore*, 126 B.R. 528 (Bkrtcy.S.D.Ohio 1991). In the present case, there will be no prejudice or loss by the creditor, as it is beneficial to all parties to ensure accuracy in the record and protect interested parties. However, if the court were to refuse to re-open the case, it could result in the loss of opportunity to recover for a wrongful foreclosure.

BANA is attempting to use clearly erroneous bankruptcy documents to claim a judicial admission and judicial estoppel in a subsequent proceeding. "Under Georgia law, a party "can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action." *Rowan v. George H. Green Oil, Inc.*, 257 Ga. App. 774, 776, 572 S.E.2d 338, 339 (2002) (citations omitted); *see also Tuten v. Target Corp.*, 2014 WL 6908866, at *3 (S.D. Ga.) ("Georgia permits a plaintiff to escape judicial estoppel via amendment. Therefore, a federal court sitting in diversity must do the same."). *Brewton v. First Liberty Ins. Corp.*, No. 5:14-CV-436(MTT), 2017 WL 5616360, at *4 (M.D. Ga. Nov. 21, 2017). BANA is attempting to use those clearly erroneous statements in the bankruptcy proceeding to their advantage in subsequent litigation.

## CONCLUSION

Because the parcel was incorrectly identified, Ms. Gardner is respectfully requesting that this Court allow her to re-open her bankruptcy to amend the incorrect land description that BANA now relies on in a subsequent proceeding.

Dated: June 18, 2020.

/s/ *Orion Gregory Webb*
Orion Gregory Webb
Georgia Bar No. 479611
SMITH, WELCH, WEBB & WHITE, LLC
280 Country Club Drive, Suite 300

Stockbridge, GA 30281
Telephone: (770) 389-4864
owebb@smithwelchlaw.com

Attorney for Lisa Gardner

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing **AMENDED MOTION TO REOPEN WITH MEMORANDUM IN SUPPORT INCLUDED** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all parties of record, and I served the following parties listed in the Distribution List with a copy by placing copies of the same in the United States Mail with postage affixed thereto addressed to the parties as listed.

## DISTRIBUTION LIST

Synchrony Bank
c/o PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, BA 23541

Bank of America
P.O. Box 082235
El Paso, TX 79998-2235

Bank of America
P.O. Box 31785
Tampa, FL 33631-3785

CSC Logic, Inc.
P.O. Box 650657
Dallas, TX 75265-0657

Chase
P.O. Box 15123
Wilmington, DE 19850

David A. Gardner
275 Butler Bridge Drive
McDonough, GA 30252-4909

Gigi L. Hoard
696 Wentworth Way
Griffin, GA 30224-9504

HG/Chase
P.O. Box 15123

Wilmington, DE 19850-5123

PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Private Bank of Buckhead
3565 Piedmont Road
Building Tree, Suite 210
Atlanta, GA 30305-8207

Private Bank of Buckhead
c/o Monica L. Vinings
Jones & Walden, LLC
21 Eighth SE, NE
Atlanta, GA 30309

Slate/Chase
P.O. Box 15123
Wilmington, DE 19850-5123

Ryan J. Williams
Nancy J. Whaley
303 Peachtree Center Ave.
Suite 120
Atlanta,l GA 30303

Bank of America
c/o Lisa F. Cplan
Rubin Lubin, LLC
Suite 100
Peachtree Corners, GA 30071

This 18th day of June, 2020.

**SMITH, WELCH, WEBB & WHITE, LLC**

/s/ Orion G. Webb
Orion G. Webb
Georgia Bar No. 479611
Attorney for Lisa Gardner

280 Country Club Drive
Suite 300
Stockbridge, GA 30281
owebb@smithwelchlaw.com
T. (678) 583-4809
F. (770) 389-5193