IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA GARDNER,                    )
                                 )
        Plaintiff,               )
                                 )    CIVIL ACTION FILE
v.                               )    NO. 1:20-cv-01843-WMR-RGV
                                 )
BANK OF AMERICA, N.A.,           )
                                 )
                                 )
        Defendant.               )
_____)

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT ADDING CLAIM FOR TRANSGRESSION OF THE FCRA

COMES NOW Defendant Bank of America, N.A. ("BANA"), by and through the undersigned counsel, and hereby files this Motion to Dismiss Plaintiff Lisa Gardner's First Amended Complaint Adding Claim for Transgression of the FCRA ("Amended Complaint") ("Complaint") [Doc. 10] pursuant to Fed. R. Civ. P. 12(b)(6-7) for failure to state a claim upon which relief may be granted and failure to join a necessary party under Rule 19. In support of this Motion, BANA incorporates the Memorandum of Law filed herewith.

WHEREFORE, BANA respectfully requests that the Court grant the Motion to Dismiss the Amended Complaint and dismiss this lawsuit with prejudice.

This 3rd day of June, 2020.

Case 5:20-cv-01843-WLH-RAO Document 11 Filed 06/08/20 Page 2 of 9
Case 5:20-cv-01843-WLH Document 11 Entered 06/08/20 12:47:04 Desc
Exhibit Defendants Motion to Dismiss    Page 2 of 159

/s/ Allison G. Rhadans

Jarrod S. Mendel
Georgia Bar No. 435188
Allison G. Rhadans
Georgia Bar No.940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
(404) 443-5677  (Facsimile)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:20-cv-01843-WMR-RGV |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE, FONT AND MARGINS</u>

I hereby certify that on the undersigned date, I electronically filed the foregoing ***DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT ADDING CLAIM FOR TRANSGRESSION OF THE FCRA*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Orion G. Webb, Esq.
Smith, Welch, Webb & White LLC
280 Country Club Drive, Suite 300
Stockbridge, GA 30281
*Counsel for Plaintiff*

3

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 3rd day of June, 2020.

/s/ Allison Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Attorneys for Defendant*

Case 1:20-cv-01843-WMR-RGV   Document 18-17   Filed 06/08/20   Page 4 of 42
Case 1:20-cv-01843-WMR-RGV   Document 10   Filed 06/08/17   Entered 06/08/20 12:47:04   Desc
Exhibit Defendants Motion to Dismiss   Page 5 of 159

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA GARDNER,                     )
    Plaintiff,                    )
                     )  CIVIL ACTION FILE
v.                                )  NO. 1:20-cv-01843-WMR-RGV
                     )
BANK OF AMERICA, N.A.,            )
    Defendant.                    )
_____ )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Bank of America, N.A. ("BANA" or "Defendant") and files this memorandum in support of its filed Motion to Dismiss Plaintiff Lisa Gardner's First Amended Complaint Adding Claim for Transgression of the FCRA ("Amended Complaint") [Doc. 10] pursuant to Fed. R. Civ. P. 12(b)(6-7).

## I.   INTRODUCTION

Plaintiff Lisa Gardner's Amended Complaint is nothing more than a transparent attempt to avoid the effect of sworn statements both she and David Gardner made in conjunction with their bankruptcy filings. When viewed together, their contradictory positions in the completed bankruptcy and this case appear to be in furtherance of a scheme to defraud BANA out of the collateral they offered to secure the underlying loan. In essence, Plaintiff and "prior" plaintiff, David Gardner, are playing games with this Court by attempting to drop David Gardner as

1

Case 1:20-cv-01843-WMR-RGV Document 1-2 Filed 06/08/20 Page 6 of 42
Case 1:17-cv-04843-WMR-RGV Filed 06/18/2017 Entered 06/18/2017 Desc
Exhibit Defendants Motion to Dismiss    Page 6 of 159

a party to try and circumvent BANA's initial Motion to Dismiss. The improper dismissal of prior-plaintiff David Gardner is a disingenuous attempt to avoid the effects of his judicial admissions that the loan is secured by the 38 acre lot. Prior-plaintiff David Gardner's presence is required as a plaintiff in this case since he was a co-borrower on the loan and former co-owner of the 38 acre lot prior to the foreclosure sale.   In fact, Plaintiff even identifies "Plaintiff's Husband David Gardner" as someone who has "either a financial interest in or other interest which could be substantially affected by the outcome of this particular case" in her Certificate of Interested Persons. [Doc. 13].

The Amended Complaint makes clear that Plaintiff and prior-plaintiff David Gardner voluntarily signed the security deed identify the loan collateral as the 38 acre lot, obtained the loan funds, admittedly defaulted on the loan, voluntary filed numerous bankruptcies identify the loan collateral as the 38 acre lot, then once facing eviction filed this frivolous lawsuit taking an inconsistent position that would prejudice BANA as to what land was intended to be the collateral for the loan. Plaintiff and prior-plaintiff David Gardner's actions establish that all of the facts and circumstances surrounding their statements and actions are calculated to make a mockery of the judicial system. This Amended Complaint, and the improper dismissal of prior-plaintiff David Gardner, continue to be a disingenuous attempt to

2

set aside a lawful foreclosure sale and reap a windfall of title to the 38 acres of land free and clear of any encumbrances. Therefore, the Amended Complaint should be dismissed in its entirety with prejudice. *See* Fed. R. Civ. P. 12(b)(6-7).

## II.   **FACTUAL ALLEGATIONS**[1]

In 2002, Plaintiff Lisa Gardner and her husband, prior-plaintiff David Gardner, obtained title to a 38 acre undeveloped lot in Henry County, Georgia ("Undeveloped Lot") as joint tenants with right of survivorship, as evidenced by that Warranty Deed recorded in Deed Book 3896, Page 223, Henry County official records. (A certified copy of the Warranty Deed is attached hereto as Exhibit "A" and is incorporated herein by this reference.)

In 2007, Plaintiff and prior-plaintiff David Gardner obtained a $200,000 line of credit ("Loan") from BANA, and as part of the same transaction they voluntarily signed a security deed recorded in the Henry County official deed records ("Security Deed.") [Doc. 10-1; Doc. 10, ¶ 3]. (A certified copy of the Security Deed is attached hereto as Exhibit "B" and is incorporated herein by this reference.) The Security Deed provided the legal description to the Undeveloped Lot. [Ex. B].

---

[1] The factual allegations set forth below are taken as true only for purposes of this motion; Defendant does not admit them by including them here.

In 2017, Plaintiff Lisa Gardner filed Chapter 13 Bankruptcy. (Certified copies of Lisa Gardner's Chapter 7 Bankruptcy docket and petition are attached hereto as Exhibits "C," and "D," and are incorporated herein by this reference). In Schedule D (Creditors Who Have Claims Secured by Property) of the Voluntary Petition, Plaintiff Lisa Gardner swore under penalty of perjury that "Bank of America" was a secured creditor and described the property that secured the claim as "38.84 acres Henry County, Georgia". *Id* at 20. She did not list the Loan as "contingent," "unliquidated," or "disputed" in the bankruptcy filing. *Id* at 20. She also swore the Loan was "[a]n agreement you made (such as mortgage or secured car loan)." *Id* at 20. She signed the Voluntary Petition and "declare[d] under penalty of perjury that the information on this statement and in any attachments is true and correct." *Id*.

Also in 2017, prior-plaintiff David Gardner, who is a joint owner of the Undeveloped Lot, and co-borrower of the Loan, filed Chapter 7 Bankruptcy. (Certified copies of David Gardner's Chapter 7 Bankruptcy docket and petition are attached hereto as Exhibits "E," and "F," and are incorporated herein by this reference).[2] In Schedule D (Creditors Who Have Claims Secured by Property) of

---

[2] This Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting this motion into one for summary judgment. *See* Fed. R. Evid. 201; *Huff v. Macon Behavioral Health Treatment*, 2012 U.S. Dist. LEXIS 54413, at *1 n.1 (M.D. Ga. Apr. 18, 2012); *Universal Express, Inc. v. United States SEC,* 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records

the Voluntary Petition, prior-plaintiff David Gardner swore under penalty of perjury

that "Bank of America" was a secured creditor and described the property that

secured the claim as "Butlers Bridge Dr. McDonough, GA 30252 Henry County

38.84 acres." *Id*. at 26, 38. He also swore that the Loan was a "First Mortgage." *Id*.

at 15, 26. He did not list the Loan as "contingent," "unliquidated," or "disputed" in

the bankruptcy filing. *Id*. at 26.  He signed the Voluntary Petition and "declare[d]

under penalty of perjury that the information on this statement and in any

attachments is true and correct." *Id*.

---

are among the permissible facts" of which a court may take judicial notice). The
Court may also look to documents attached to the Amended Complaint and those
incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56
motion for summary judgment.  Generally, a court must convert a motion to dismiss
to a motion for summary judgment if it considers materials outside of a complaint.
*See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).
However, a court need not make this conversion when considering a document
attached to the complaint if "the attached document is (1) central to the plaintiff's
claim and (2) undisputed." *Day*, 400 F.3d at 1276; *Arango v. U.S. Dep't of the
Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997). In the Eleventh Circuit, this is
referred to as the " 'incorporation by reference' doctrine." *Horsley v. Feldt*, 304 F.3d
1125, 1134 (11th Cir. 2002); *see also* Fed. R. Civ. P. 10(c).  In addition, "a document
central to the complaint that the defense appends to its motion to dismiss is also
properly considered, provided that its contents are not in dispute." *Harris v. Ivax
Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999); *see also HiTech Pharm., Inc. v. HBS
Int'l Corp*., 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of
incorporation by reference, we may also consider documents attached to the motion
to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and
of undisputed authenticity.") (*citing Horsley*, 304 F.3d at 1134); *Brooks v. Blue
Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).

In 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2].

On January 7, 2020, BANA enforced the power of sale provision in the Security Deed, and foreclosed upon the Undeveloped Lot due to the payment default ("Foreclosure Sale"). [Doc. 10, ¶ 36; Ex. B]. The Amended Complaint does not allege that, prior to the Foreclosure Sale, Plaintiff or prior-plaintiff David Gardner tendered, or offered to tender, the balance of the Loan. [Doc. 10].

On March 27, 2020, Plaintiff and prior-plaintiff David Gardner filed this lawsuit alleging that the Undeveloped Lot should not have been the collateral securing the Loan, but instead the next-door house property ("House Lot"),[3] should have been the collateral securing the Loan [Doc. 10, ¶ 5].

The Amended Complaint does not allege that Plaintiff or prior-plaintiff David Gardner filed suit to reform the legal description in the Security Deed prior to the Foreclosure Sale, filed suit to enjoin the Foreclosure Sale before it occurred, or filed a quiet title action to claim superior title to the Undeveloped Lot prior to the Foreclosure Sale. [Doc. 1-1]. Instead, Plaintiff and prior-plaintiff David Gardner's actions and the sworn bankruptcy filings make clear that the intended and understood

---

[3] Plaintiff alleges that since the 2007 BANA Loan origination, she obtained a loan on the House Lot with another lienholder, and that lienholder has since foreclosed upon the House Lot. [Doc. 10, ¶¶ 4, 6, 18].

collateral for the Loan was the Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. The Amended Complaint, and other sworn filings, make clear that Plaintiff and prior-plaintiff David Gardner voluntarily executed the Security Deed, and that they performed under its terms, without ever raising any issues of its validity, until after the Foreclosure Sale occurred and facing eviction. [Doc. 10].

### III.    <u>STANDARD OF REVIEW</u>

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, where a plaintiff failed to join a necessary party under Rule 19, the presiding court may dismiss the action. *See* Fed. R. Civ. P. 12(b)(7). Also, Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in the Amended Complaint must be accepted as true and construed in the light most favorable to Plaintiffs.  *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027,1037 (11th Cir. 2008).  However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are enough to raise a right to relief above the speculative level. "[A]lthough pro se pleadings are governed by less stringent standards than pleadings prepared by

attorneys, pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules." *See Habib v. Bank of Am. Corp.*, 2011 WL 5239723, at *3 (N.D.Ga. 2011), adopted by 2011 WL 5239713 (N.D.Ga. 2011) (*internal citations omitted*).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citations and quotations omitted*). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## IV.    ARGUMENT AND CITATION OF AUTHORITIES

### A. Plaintiff Fails to Join a Necessary Party.

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, where a plaintiff failed to join a necessary party under Rule 19, the presiding court may dismiss the action. *See* Fed. R. Civ. P. 12(b)(7). Rule 19 requires that a person subject to service of process, whose joinder will not deprive the Court of subject matter jurisdiction, must be joined as a party if that person "claims an interest relating to the subject of the action" and resolution of the matter in that person's absence may "impair or impede the person's ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19.

Specifically regarding mortgage loans and foreclosure sales, your Honor, this Court, and other federal courts have consistently held that signatories to loan documents are necessary parties to a lawsuit contesting the same. *See, e.g., Rivers v. Bank of Am., N.A.*, No. 1:13-cv-01690-ODE-RGV, 2013 WL 12382312, at *9 (N.D. Ga. Oct. 25, 2013), report and recommendation adopted, No. 1:13-CV-1690-ODE-RGV, 2013 WL 12382332 (N.D. Ga. Dec. 16, 2013)(holding that "[t]he undersigned agrees that Tuttle, as a co-signatory to the loan and security deed, is a necessary party to this action and should have been joined as a necessary party by plaintiff.");

*In re Pullen*, 451 B.R. 206 (Bankr. N.D. Ga. 2011)(holding that a person with joint title to real property is required to be joined in an attempted wrongful foreclosure case); *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 499 (D. Md. 2007)("The Court agrees with Defendants that Vivian Johnson could at some future date pursue litigation in her own behalf that might re-subject them to liability on causes of action identical to those prosecuted in the present case. The Court further agrees that, insofar as rescission of the deed is sought, Vivian Johnson is a 'necessary' party and therefore should be joined to these proceedings as Party Plaintiff if that is feasible."); *Guth v. Texas Co.,* 155 F.2d 563 (C.C.A. 7th Cir. 1946) (one cotenant could not sue separately for damages for injury to the land without joining his cotenants because the claim was joint.)

In *Rivers v. Bank of Am., N.A*, when confronted with this issue, your Honor, Russell G. Vineyard, granted BANA's motion to dismiss and noted that:

> Defendants argue that plaintiff has failed to join her co-borrower, Tuttle, to this suit, and that Tuttle is a necessary party because he has an interest in the property that may be impaired or impeded by a judgment in this case, and because defendants may be liable to double recovery or inconsistent obligations should he decide to later bring suit. See [Doc. 7-1 at 7]. The undersigned agrees that Tuttle, as a co-

10

signatory to the loan and security deed, is a necessary party to this action and should have been joined as a necessary party by plaintiff. See Vera v. Wells Fargo Bank, N.A., No. 2:10-cv-01568 JWS, 2011 WL 334286, at *4 (D. Ariz. Jan. 31, 2011) (finding that plaintiff's wife was an indispensable party to breach of contract claim involving mortgage loan where she was a co-signatory to the deed of trust that secured the loan for the residence); Flynn v. Residential Credit Solutions, Inc., Civil Action No. 08-40239-FDS, 2011 WL 1399774, at *1 (D. Mass. Apr. 13, 2011) (noting court's previous order to join plaintiff's wife as a necessary party to fraud claims related to mortgage where she was also a signatory to the disputed mortgages and notes).

Rivers v. Bank of Am., N.A., No. 113CV01690ODERGV, 2013 WL 12382312, at *9 (N.D. Ga. Oct. 25, 2013), report and recommendation adopted, No. 1:13-CV-1690-ODE-RGV, 2013 WL 12382332 (N.D. Ga. Dec. 16, 2013).

Here, this case requires a similar result. In March, 2020, Plaintiff and her husband, prior-plaintiff David Gardner, filed this lawsuit alleging that the 38 acre Undeveloped Lot should not have been the collateral securing the Loan, but instead the next-door House Lot should have been the collateral securing the Loan [Doc. 1-1, generally]. In May, 2020, BANA filed a Motion to Dismiss the original complaint

contending, among other things, that prior-plaintiff David Gardner's sworn and adopted bankruptcy filings, identify the Loan collateral as the 38 acre Undeveloped Lot, are judicial admissions that the Loan collateral is in-fact the 38 acre Undeveloped Lot. [Docs. 7, 7-2, 7-3]. In response to BANA's Motion to Dismiss, prior-plaintiff David Gardner was transparently voluntarily dismissed from this lawsuit, and just Plaintiff Lisa Gardner filed a First Amended Complaint. [Docs. 9, 10].  Plaintiff then field her Certificate of Interested Persons identifying "Plaintiff's Husband David Gardner" as someone who has "either a financial interest in or other interest which could be substantially affected by the outcome of this particular case." [Doc. 13].

This Court should dismiss the Amended Complaint because prior-plaintiff David Gardner is a necessary party under Rule 19 to this wrongful foreclosure case seeking rescission of the foreclosure sale, damages, and cancellation of the Security Deed. [Doc. 10, generally]. *See* Fed. R. Civ. P. 12(b)(7). Prior-plaintiff David Gardner and Lisa Gardner owned the Undeveloped Lot as joint tenants with right of survivorship. [Ex. A]. The Security Deed also lists prior-plaintiff David Gardner as one of the borrowers. [Ex. B]. Prior-plaintiff David Gardner continues to have an interest in the Loan and Undeveloped Lot that may be impaired or impeded by a judgment in this case. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In fact, in her Certificate of

Interested Persons, Plaintiff identifies "Plaintiff's Husband David Gardner" as someone who has "either a financial interest in or other interest which could be substantially affected by the outcome of this particular case." [Doc. 13]. Moreover, prior-plaintiff David Gardner is a necessary party because BANA may be subject to double recovery or inconsistent obligations should he later bring suit against BANA. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Plaintiff cannot also be afforded complete relief on her claims without joinder of co-owner and co-borrower prior-plaintiff David Gardner. *See* Fed. R. Civ. P. 19(a)(1)(A). Finally, Plaintiff has not pled any reason as to why prior-plaintiff David Gardner, who was originally a named plaintiff in this case, was voluntarily dismissed from this case, as required by Rule 19. Fed. R. Civ. P. 19(c), other than the obvious fact that his bankruptcy filings are judicial admissions that the Loan collateral is in-fact the 38 acre Undeveloped Lot. [Ex. F, p. 27]. For these reasons, the Court should dismiss the Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party under Rule 19.

### B. <u>The Undeveloped Lot is the Collateral for the Security Deed.</u>

The Undeveloped Lot is the correct collateral for the Security Deed. In 2007, Plaintiff and prior-plaintiff David Gardner obtained the Loan, and as part of the same transaction signed the Security Deed identifying the real property securing the Loan

as the Undeveloped Lot and providing the legal description for that land. [Ex. B, Doc. 10, ¶¶ 3 -5; Doc. 10-1]. Plaintiff and prior-plaintiff David Gardner do not allege that they filed suit to reform the legal description in the Security Deed or filed a quiet title action to claim superior title to the 38 acre Undeveloped Lot. [Doc. 10, generally]. Instead, the Plaintiff and prior-plaintiff David Gardner obtained the Loan funds, admittedly defaulted on the Loan's monthly payments, and then repeatedly filed for bankruptcy protection with the assistance of counsel, and under penalty of perjury, swore that BANA had an undisputed, secured loan on the "38.84 acres" Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. Due to the judicial admissions in the 2017 bankruptcy filings, that the BANA Loan was secured by the Undeveloped Lot, Plaintiff and prior-plaintiff David Gardner cannot now dispute that the Undeveloped Lot is the correct collateral for the Security Deed. [Ex. D, p. 21; Ex. F, p. 27].

Georgia Courts consistently rely on the principle that "[s]tatements in bankruptcy schedules are executed under penalty of perjury and, when offered against a debtor, are eligible for treatment as judicial admissions." *In Re: Bay Circle Properties, LLC*, No. 15-58440-WLH, 2020 WL 1671553, at *5 (Bankr. N.D. Ga. Apr. 3, 2020). "Judicial admissions are formal concessions ... that are binding upon the party making them. Such statements are proof possessing the highest probative value." *Ussery v. Allstate Fire & Cas. Ins. Co*., 150 F. Supp. 3d 1329, 1344 (M.D.

14

Ga. 2015) (*internal citations and punctuation omitted*). "[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id*.; *see also Versico, Inc. v. Engineered Fabrics Corp.*, 520 S.E.2d 505, 508 (Ga. Ct. App. 1999) (effect of judicial admission "is to relieve an opposing party from presenting any evidence as to that fact issue").

By not disputing the Loan in the bankruptcy filings, the Loan's existence cannot be contested now. [Ex. D, p. 21; Ex. F, p. 27]. *See In re Ingram, No*. ADV. PRO. 07-1013, 2008 WL 7842077, at *3 (Bankr. N.D. Ga. 2008) ("The Court has previously concluded that the listing of this debt without marking the debt as contingent, unliquidated, or disputed 'constitutes a judicial admission that [the Defendants do] in fact owe a debt to' the Plaintiff. Accordingly, the Court held that, by failing to 'qualify the debt as disputed,' the Defendants 'waived the right to contest the debt's existence.' This judicial admission establishes that the Defendants are personally liable for the debt owed to the Plaintiff."); *Matter of Musgrove,* 187 B.R. 808, 812–13 (Bankr. N.D. Ga. 1995) (finding entry in debtor's schedule constitutes judicial admission and noting that by failing to qualify the schedule's description so as to include the term "disputed," the Debtor had waived the right to contest the debt's existence); *Jones v. Chase Home Fin., LLC*, No. 1:10-CV-2919-SCJ-AJB, 2011 WL 13319170, at *8 (N.D. Ga. 2011) ("Defendant is listed as a

secured creditor on the debtor's schedules signed by Plaintiff as part of his bankruptcy proceedings, which constitutes a judicial admission by Plaintiff that he does in fact owe the debt to Defendant").

Moreover, due to these bankruptcy filings, BANA had standing to proceed with the Foreclosure Sale as a matter of law. *See Jones v. Chase Home Fin., LLC*, No. 1:10-CV-2919-SCJ-AJB, at *8 (N.D. Ga. 2011), *adopted Jones v. Chase Home Fin., LLC*, No. 1:10-CV-2919-SCJ, 2011 WL 13319284, at *1 (N.D. Ga. 2011) (holding that "Defendant thus would have had standing to proceed with foreclosure proceedings" when the "Defendant is listed as a secured creditor on the debtor's schedules signed by Plaintiff as part of his bankruptcy proceedings, which constitutes a judicial admission by Plaintiff that he does in fact owe the debt to Defendant").

Here, the sworn bankruptcy filings, the juridical admissions, the signed Loan origination documents, and Plaintiff and prior-plaintiff David Gardner's actions (and non-actions), demonstrate that all parties intended and understood that the Undeveloped Lot is the collateral for the Security Deed. Therefore, since the Undeveloped Lot is the correct collateral for the Security Deed, this Court should grant BANA's motion to dismiss for this reason alone.

C. **Plaintiff Should be Judicially Estopped from Alleging that the Security Deed Collateral is Anything Other Than the Undeveloped Lot.**

In this case, Plaintiff should be judicially estopped from alleging that the Security Deed collateral is anything other than Undeveloped Lot in this lawsuit.

The "equitable doctrine of judicial estoppel is intended to prevent the perversion of the judicial process and protect [its] integrity by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180–81 (11th Cir. 2017); *see also IN RE: BAY CIRCLE PROPERTIES, LLC et al.*, No. 15-58440-WLH, 2020 WL 1671553, at *4 (Bankr. N.D. Ga. Apr. 3, 2020) (judicial estoppel is "intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment."). When a party changes position, "the doctrine of judicial estoppel allows a court to exercise its discretion to dismiss the party's claims." *Id.* "Stated simply, the doctrine of judicial estoppel rests on the principle that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Id.*; *see also Gichege v. Mortg. Elec. Registration Servs., Inc.*, No. 1:11-CV-2141-AT-JFK, 2012 WL 13009242, at *8 (N.D. Ga. 2012), report and recommendation adopted, No. 1:11-CV-2141-AT, 2012 WL 13012502 (N.D. Ga. 2012).

17

As identified in by the court in *Slater*, the Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Slater v. United States Steel Corp*., 871 F.3d 1174, 1181 (11th Cir. 2017) (*quoting Burnes v. Pemco Aeroplex, Inc*., 291 F.3d 1282, 1285 (11th Cir. 2002)).   In determining "whether a plaintiff's inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case."  *Slater*, 871 F.3d at 1185.

Here, a review of the relevant facts and background strengthens the argument for application of judicial estoppel since it is designed to prevent the very kind of disingenuous allegations at the core of this lawsuit. In 2007, Plaintiff and prior-plaintiff David Gardner obtained the Loan, and as part of the same transaction voluntarily signed the Security Deed identifying the real property securing the Loan as the Undeveloped Lot and providing the legal description for that land. [Ex. B, Doc. 10, ¶¶ 3 -5; Doc. 10-1]. The Plaintiff does not allege that she was in any way prevented from reading the Security Deed before she signed it. [Doc. 10]. Then, in 2017, both Plaintiff and prior-plaintiff David Gardner separately filed for bankruptcy protection, and stated under penalty of perjury, that BANA had an undisputed,

secure loan on the "38.84 acres" Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. These sworn bankruptcy filings, and Plaintiff's prior actions, make clear that both Plaintiff and prior-plaintiff David Gardner intended and understood the collateral for the loan to be the Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. Only after BANA foreclosed upon the Undeveloped Lot was this lawsuit filed alleging that the Undeveloped Lot did not secure the BANA Loan. [Doc. 1-1].[4]

Plaintiff and prior-plaintiff David Gardner's pattern of filing multiple bankruptcies and this lawsuit with inconsistent positions establishes that all of the facts and circumstances surrounding their statements were calculated to make a mockery of the judicial system. *Slater*, 871 F.3d at 1185. The Amended Complaint, and other sworn statements, make clear that they voluntarily executed the Security Deed, and that they performed under its terms, without ever raising any issues of its validity, until facing eviction. [Doc. 10]. Therefore, equity should intervene, and this Court should judicially estopp the Plaintiff from taking an inconsistent position

---

[4] Conveniently, Plaintiff is only asserting these claims after another lienholder foreclosed on its lien attached to the House Lot and sold the House Lot to a third-party purchaser. Plaintiff obtained the other loan after the BANA loan. Therefore, if Plaintiff's position is correct, that the BANA loan was secured by the House Lot, then BANA's lien would have been superior to the other lienholder's lien and BANA would still have a lien interest in the House Lot. Plaintiff's failure to raise these claims until after foreclosure of the House Lot has, at a minimum, prejudiced BANA from being able to assert it potential senior interest in the House Lot. [Doc. 10, ¶¶ 4, 6, 18].

about what piece of collateral secured the Loan which would prejudice BANA. For

this reason alone, this Court should dismiss this lawsuit with prejudice.

### D. **BANA Did Not Wrongfully Foreclose on the Undeveloped Lot.**

Plaintiff's claim that BANA wrongfully foreclosed on the Undeveloped Lot

is still meritless. [Doc. 10, ¶¶ 39-53]. This claim fails as a matter of law because the

Plaintiff admittedly failed to tender the amount due under the Loan, the Foreclosure

Sale was lawful, and the Security Deed is not void.

### 1. Plaintiff's Admitted Failure to Tender the Amount Owed on the Loan is Fatal to The Wrongfully Foreclosure Claim.

Plaintiff's admitted failure to tender the amount owed on the Loan is fatal to

the wrongful foreclosure claim. Under Georgia law, "[f]ailure to make the proper

loan payments or tender the amount due defeats any wrongful foreclosure claim,

even if a plaintiff is not personally liable for the underlying indebtedness." *Heard v.

GMAC Mortg., LLC*, No. 1:12-CV-4239-WSD, 2013 WL 12109765, at *5 (N.D. Ga.

2013). Thus, "to seek any relief regarding a pending or past foreclosure sale, plaintiff

must tender the amount owed under the loan." *Watkins v. Beneficial, HSBC Mortg.*,

2010 WL 4318898, at *5 (N.D. Ga. 2010); *Ceasar v. Wells Fargo Bank, N.A.,* 744

S.E.2d 369, 373 (Ga. Ct. App. 2013) ("payment or tender of the principal and interest

due on their loan was a prerequisite to their claim to set aside the foreclosure sale.

Since the [borrowers] admittedly fell behind on their mortgage payments, and they

did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim") (*citations omitted*).  Where a plaintiffs injury is caused by the plaintiffs own failure to pay, the plaintiff cannot recover for wrongful foreclosure. *Powell v. Bank of Am., N.A,* No. 1:13-CV-03049-RWS, 2014 WL 2118821, at *3 (N.D. Ga. 2014) ("Failure to make the proper loan payments defeats any wrongful foreclosure claim"); *Harvey v. Deutsche Bank Nat'l Trust Co., No.* 1:12-CV-1612-RWS, 2012 WL 3516477, at *2 (N.D. Ga. 2012).

In fact, just last month the Eleventh Circuit affirmed this Court's ruling that "[i]n order to show the injury was caused by the breach of duty and not [his] own acts or omission, [the plaintiff] must not be in default on [his] mortgage. The complaint does not allege[ ] that [the plaintiff] has made [all of his] mortgage payments or that he tendered any amount owed under the loan." *Brown v. U.S. Bank Nat'l Assoc*. No. 319CV00001TCBRGV, 2019 WL 5322851, at *11 (N.D. Ga. 2019), report and recommendation adopted sub nom. *Brown v. U.S. Bank Nat'l Assoc*., No. 3:19-CV-1-TCB, 2019 WL 5388000 (N.D. Ga. 2019), aff'd, No. 19-13825, 2020 WL 1873300 (11th Cir. 2020).

In this case, in 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2].  The Amended Complaint does not allege that prior to the Foreclosure Sale, Plaintiff tendered, or offered to tender, the

balance of the Loan. [Doc. 10]. Here, any purported damages stem directly from the non-payment under the terms of the Loan, not any alleged misconduct of BANA. Therefore, Plaintiff's claim for wrongful foreclosure should be dismissed with prejudice as a matter of law for this reason alone.

    2.  <u>The Foreclosure Sale Was Lawful.</u>

Plaintiff's allegation that the Foreclosure Sale was wrongful because BANA foreclosed upon the Undeveloped Lot is still meritless. [Doc. 10, ¶¶ 39-53]. In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish: (1) a legal duty owed to it by the foreclosing party, (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury plaintiff sustained; and (4) damages. *Mei Kuan Chen v. Wells Fargo Bank.* N.A., No. 1:13-CV-3037-TWT, 2014 WL 806916, at *2 (N.D. Ga. 2014) (*quoting Racette v. BANA*, 318 Ga App. 171,174, 733 S.E.2d 457 (2012)).

Moreover, a foreclosing party's legal duties are fairly limited: "In exercising a power of sale, the foreclosing party is required only to advertise and sell the property in accordance with the ***terms of the instrument*** and to conduct the sale in good faith." *Rapps v. Cooke,* 246 Ga. App. 251, 253, 540 S.E.2d 241, 243 (2000) (*emphasis added*); *McCarter v. Bankers Trust Co.,* 247 Ga. App. 129, 132 (2000); *Ceasar v. Wells Fargo Bank, N.*A., 322 Ga. App. 529, 532, 744 S.E.2d 369, 373,

adopted sub nom. *Ceasar v. Wells Fargo Bank* (Ga. State Ct. 2013); *Kennedy v. Gwinnett Commercial Bank*, 155 Ga.App. 327, 330(1), 270 S.E.2d 867 (1980).

Here, all allegations show that BANA conducted the Foreclosure Sale in good faith. Plaintiff voluntarily signed the Security Deed recorded in the Henry County official deed records. [Doc. 10-1; Doc. 10 ¶¶ 3-5; Ex. B]. The Plaintiff does not allege that she was in any way prevented from reading the Security Deed before she executed it. [Doc. 10, generally]. The Security Deed identified the real property securing the Loan as the Undeveloped Lot. [Doc. 10-1; Ex. B]. BANA foreclosed upon the Undeveloped Lot in accordance to the terms of the Security Deed. [Ex. B]. The Amended Complaint does not allege that Plaintiff filed suit to reform the legal description in the Security Deed prior to the Foreclosure Sale, filed suit to enjoin the Foreclosure Sale before it occurred, or filed a quiet title action to claim superior title to the Undeveloped Lot prior to the Foreclosure Sale. [Doc. 10, generally]. Nor does the Plaintiff allege that the price realized at the Foreclosure Sale was grossly inadequate. [*Id.*]. Therefore, because BANA had the right to foreclose on the Undeveloped Lot as a matter of law, this Amended Complaint and Plaintiff's theories are merely an attempt to avoid Plaintiff's contractual obligations and the lawful Foreclosure Sale.

Additionally, Plaintiff failed to allege a causal connection between any breach and the damages she allegedly sustained. In order to show the injury was caused by the breach of duty and not the own acts or omission, Plaintiff must not be in default on the mortgage. *See Brown v. U.S. Bank Nat'l Assoc.*, 2019 WL 5322851, at *11 (N.D. Ga. 2019), aff'd, No. 19-13825, 2020 WL 1873300 (11th Cir., 2020) ("First, Brown has failed to allege a causal connection between any breach and the damages he allegedly sustained. Indeed, [i]n order to show the injury was caused by the breach of duty and not [his] own acts or omission, [Brown] must not be in default on [his] mortgage. The complaint does not allege[ ] that [Brown] has made [all of his] mortgage payments or that he tendered any amount owed under the loan."); *Grant v. Deutsche Bank Nat'l Tr. Co.*, No. 1:14-CV-133-RWS-ECS, 2014 WL 12115971, at *7–8 (N.D. Ga. May 30, 2014) ("To the extent Plaintiff's alleged damages were caused by the foreclosure sale itself, such would not sustain a claim for wrongful foreclosure in this case because the foreclosure sale was attributable to Mr. Michael's default on the loan. Accordingly, Plaintiff's claim for damages under the tort of wrongful foreclosure should be dismissed.").

Here, in 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2]. The Amended Complaint does not allege that prior to the Foreclosure Sale, Plaintiff tendered, or offered to tender, the balance of

the Loan. [Doc. 10].   Thus, any purported damages stem directly from the non-payment under the terms of the Loan, not the Foreclosure Sale.  Therefore, Plaintiff's claim for wrongful foreclosure should be dismissed with prejudice as a matter of law.

### 3.  The Security Deed Is Not Void.

Plaintiff's allegation that the Security Deed is void because the "property address and the property description are in conflict" is still meritless. [Doc. 10, ¶ 10]. This argument is contrary to applicable law since a street address in the security deed is a location, not a description, and inadequate to describe collateral securing a loan with sufficient certainty. *See In re Turner,* No. 1:15-CV-0359-AT, 2015 WL 10550965, at *2 (N.D. Ga. 2015) ("Here, the street address in the Security Deed is inadequate, standing alone, to describe the Property with sufficient certainty… property descriptions must typically provide the quantity and location of the land at issue – something that a simple street address does not do.") (*internal citations omitted*); *Bollers v. Noir Enterprises, Inc*., 677 S.E.2d 338, 344 (Ga. Ct. App. 2009) ("a street address alone does not provide an adequate description of property for the purposes of a legal document."). When applying these principles, the law states that:

> A street address is a location, not a description. It may designate
> the location of a house situated on a small city-lot or on hundreds
> of rural acres. A street address directs where mail is to be
> delivered, where to respond to 911–calls or other emergencies,

and provides visitors with a destination, but it does not describe a quantity of property as does a legal description. After reviewing Georgia case law, and that of other states on this subject, the Court concludes that historically real property has not been conveyed or encumbered by mere street address; legal descriptions, whether metes-and-bounds or recorded plat, or reference to previously recorded instruments containing legal descriptions, are universally utilized in instruments intended for recordation, and such descriptions are justifiably the primary focus of persons searching titles in public records.

*In re Hill*, No. 08-11774, 2010 WL 3927060, at *7 (Bankr. S.D. Ga. 2010).

This Court has also applied these principles in the foreclosure context and held that "Georgia law provides that even if the street address listed on the foreclosure is incorrect, that does not render the foreclosure invalid." *Cummings v. Mortg. Elec. Registration Sys., Inc.*, No. 1:13-CV-3302-TWT, 2014 WL 3767797, at *6 (N.D. Ga. 2014).

In this case, Plaintiff's argument that the "property address and the property description are in conflict" is a contrary to applicable law since the cases cited above show that the mailing address is superfluous and has no relation to the description required for a legal document. Therefore, BANA's foreclosure on the Undeveloped Lot was proper as a matter of law, and the Security Deed is not void. [Doc. 10, ¶ 10].

**E. The Amended Complaint Still Fails to State a Claim for Injunctive Relief.**

In the Amended Complaint, Plaintiff again requests a temporary restraining order preventing BANA from selling the Undeveloped Lot or evicting the Plaintiff

26

from the Undeveloped Lot. [Doc. 10, ¶¶ 54-58]. Plaintiff's request should be denied

since the Plaintiff has not demonstrated the necessary elements for injunctive relief.

It is settled law in this Circuit that an injunction is an "extraordinary and

drastic remedy." *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985).

To obtain such relief, a movant must demonstrate: (1) a substantial likelihood of

success on the merits of the underlying case, (2) the movant will suffer irreparable

harm in the absence of an injunction, (3) the harm suffered by the movant in the

absence of an injunction would exceed the harm suffered by the opposing party if

the injunction issued, and (4) an injunction would not disserve the public interest.

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242, 1246-

47 (11th Cir. 2002).

Plaintiff fails to make such a showing here – particularly, for the reasons stated

herein, in regards to a substantial likelihood of success on the merits – and

accordingly an injunction is inappropriate. *Lacosta v. McCalla Raymer, LLC*, 2011

U.S. Dist. LEXIS 5168, 4-5 (N.D. Ga. Jan. 18, 2011). Plaintiff's bald claims simply

do not demonstrate a "substantial likelihood of success on the merits" or any of the

other elements of injunctive relief. *See Johnson & Johnson Vision Care, Inc.*, 299

F.3d 1242 (11th Cir. 2002). Thus, this request should be denied.

Moreover, Federal Rule of Civil Procedure 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Lacosta*, 2011 U.S. Dist. LEXIS 5168 at 4-5. Plaintiff has still made no offer to tender any security to obtain injunctive relief. [Doc. 10, generally]. Plaintiff challenges the Security Deed, and the Foreclosure Sale, but she did not allege that she is ready, willing, and able to tender the full amount due. In fact in 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2]. Absent tender as required by applicable law, Plaintiff's injunctive relief allegations fail as a matter of law.

### F. <u>The Amended Complaint Still Fails To State A Claim For Damages and Attorney's Fees.</u>

Plaintiff is still not entitled to recover any damages. [Doc. 10, ¶¶ 59-63]. Plaintiff is not entitled to compensatory damages since, as stated supra, all of the substantive claims fail as a matter of law. Plaintiff is also not entitled to recover punitive damages. It is well-settled that punitive damages cannot be awarded in the absence of any finding of compensatory damages. *See Clark v. PNC Bank, N.A.*, 2014 WL 359932, at *8 (N.D. Ga. 2014); *Haynes v. Cyberonics, Inc.*, No. 1:09-CV-2700-JEC, 2011 WL 3903238, at *11 (N.D. Ga. 2011) (dismissing claim for punitive

damages because it was derivative of tort claims, which were dismissed); *Green v. Home Depot U.S.A., Inc.*, 277 Ga. App. 779, 783, 627 S.E.2d 836, 839 (2006) ("Since [the plaintiff] cannot recover on his underlying tort claims as a matter of law, there can be no punitive damages thereon.").

Here, Plaintiff does not provide any facts about any action by BANA that demonstrates willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care. As such, Plaintiff fails to make a threshold showing that she is entitled to punitive damages. Because Plaintiff's substantive claims fail (as set forth throughout this Memorandum of Law), Plaintiff cannot recover damages in this action. *Id.* Finally, to the extent Plaintiff is alleging claims for attorney's fees, an award of attorney's fees is derivative of whether the Plaintiff prevails on her substantive claims. *See J. Andrew Lunsford Properties, LLC v. Davis,* 257 Ga. App. 720, 722 (2002). Because Plaintiff's substantive claims must be dismissed for failure to state a claim as a matter of law, the derivative claim for attorney's fees also must be dismissed.

Absent tender as required by applicable law, Plaintiff's injunctive relief allegations fail as a matter of law.

29

## G. **BANA Did Not Violate The Fair Credit Reporting Act.**

### 1. Fair Credit Reporting Act Standards.

In general, the Fair Credit Reporting Act ("FCRA") was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevance, and proper utilization of such information." 15 U.S.C. § 1681(b).

In this case, Plaintiff has alleged that BANA is a furnisher of information to customer reporting agencies ("CRA") regarding the Loan. [Doc. 10, ¶65]. The FCRA imposes two distinct duties upon furnishers: first, furnishers have a duty to provide accurate information to CRAs; and second, furnishers must investigate information disputed by a consumer after receiving notice of a dispute from a CRA. *See* 15 U.S.C. § 1681- 2(a) and (b). A consumer's right to bring a lawsuit against a furnisher under section 1681s-2(b) arises only if, after receiving notice of the consumer's dispute from a CRA, the furnisher fails to "follow reasonable procedures to ensure the accuracy of a credit report." *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009); 15 U.S.C. § 1681s-2(b)(1)(A). This subsection, however, does not qualify the nature and extent of the "investigation" the furnisher must conduct. Courts in this district have held that a "furnisher of information is entitled to

30

summary judgment if it conducts a *reasonable* investigation…." *Ware v. Bank of Am. Corp.*, 9 F. Supp. 3d 1329, 1338 (N.D. Ga. 2014); *Howard v. Pinnacle Credit Servs., LLC*, No. 4:09-cv-85, 2010 WL 2600753, *3 (M.D. Ga. 2010); *Hinkle v. Midland Credit Mgmt., Inc.*, 2016 WL 3672112, slip op. 5 (11th Cir. 2016). "An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate. The investigation must only be procedurally reasonable." *Boyd v. Wells Fargo Bank, N.A.*, No. 2:15-CV-2, 2016 WL 7323293, at *6 (S.D. Ga. 2016), aff'd sub nom. *Boyd v. Experian Info. Sols., Inc.,* No. 17-10166, 2017 WL 2471219 (11th Cir. 2017) (*internal citations and quotations omitte*d). "The burden of showing the investigation was unreasonable is on the plaintiff." *Ware v. Bank of Am. Corp.*, 9 F. Supp. 3d 1329, 1338–39 (N.D. Ga. 2014).

### 2. Plaintiff's Loan Was Reporting Accurately.

Plaintiff's failure to establish that the reporting was inaccurate defeats Plaintiff's FCRA claim as a matter of law.

In "order to establish a violation of Section 1681i, Plaintiff must also prove inaccuracy." *Carlisle v. Nat'l Commercial Servs., Inc*., No. 1:14-CV-515-TWT-LTW, 2016 WL 4544368, at *7 (N.D. Ga. 2016). The Eleventh Circuit has held that the text of § 1681e(b) "implicitly requires that a consumer must present evidence

tending to show that a [CRA] prepared a report containing 'inaccurate' information"
in order to sustain a claim." *Farmer v. Phillips Agency, In*c., 285 F.R.D. 688, 698
(N.D. Ga. 2012) *citing Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151,
1156 (11th Cir.1991) If the consumer presents no such evidence, there is no need to
"inquire further as to the reasonableness of the procedures adopted by the credit
reporting agency." *Id.* Thus, "[t]o establish a prima facie violation of § 1681e(b), a
consumer must present evidence that a credit reporting agency's report was
inaccurate." *Jackson v. Equifax Info. Servs.,* 167 Fed.Appx. 144, 146 (11th Cir.
2006); *Enwonwu v. Trans Union, LLC*, 164 Fed.Appx. 914, 918 (11th Cir.2006).

Here, Plaintiff has failed to prove an inaccuracy as required by the FCRA.
Plaintiff alleges that BANA's reporting of the Loan as "Foreclosure Initiated" was
inaccurate. [Doc. 10, ¶ 66]. This claim is meritless.  Firstly, Plaintiff failed to allege
the date that she ran her credit or provide a copy of the alleged credit report. [Doc.
10, ¶¶ 64-75]. Secondly, the Plaintiff failed to attach any of the alleged credit dispute
letters to her Amended Complaint. [Doc. 10, generally]. Thirdly, a review of the
Amended Complaint clearly show that due to the Plaintiff's admitted Loan payment
default, a foreclosure sale was initiated. [Doc. 10, ¶ 17, 36; Doc. 10-2].  Finally,
Plaintiff does not provide any factual support or explanation for her allegation that

the alleged Loan credit reporting was inaccurate. For these reasons, Plaintiff's FCRA claim should be dismissed as a matter of law.

### 3. The FCRA Claim Is Not The Appropriate Method To Challenge The Foreclosure Sale.

Plaintiff's FCRA claim also fails as matter of law because the Plaintiff's real dispute concerns the legal validity of the Foreclosure Sale. [Doc. 10, ¶¶ 64-75]. The FCRA does not require credit furnishers, such as BANA, to make legal determinations on the status of debt. *See Johnson v. Trans Union, LLC*, No. 10-C-6960, 2012 WL 983793, at *7 (N.D. Ill. Mar 22, 2012), *aff'd*, 524 Fed. App'x. 268 (7th Cir. 2013) (holding that FCRA litigation is not a proper method to resolve a dispute over legal status of a debt). Indeed, the determination of whether a debt is owed for purposes of accurate credit reporting is a pure legal question that the FCRA does not reach. *See Chiang v. Verizon New England Inc.,* 595 F.3d 26 (1st Cir. 2010) (a plaintiff's required showing under § 1681s-2(b) is factual inaccuracy, rather than the existence of disputed legal questions, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir.2010) (Ninth Circuit concluded that § 1681i claims for failure to reinvestigate are not the

Case 1:20-cv-01843-DMR Document 10-7 Filed 06/18/20 Page 34 of 42
Case 1:20-cv-01843-DMR Document 20-1 Filed 06/18/20 Page 34 of 42
Exhibit Defendants Motion to Dismiss    Page 38 of 159

proper vehicle for collaterally attacking the legal validity of a credit card debt); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

Since BANA's reporting to the CRAs involves a legal determination of the status of the Loan, the real property securing the same, and the validity of the Foreclosure Sale, it cannot form the basis for a claimed violation of the FCRA, and the FCRA claim must be dismissed as a matter of law.

    4. <u>Plaintiff Has Failed to Allege That BANA Conducted a Reasonable Investigation.</u>

Aside from formulaic recitations and legal conclusions, Plaintiff's Amended Complaint is devoid of any facts regarding either what was actually communicated to BANA by the CRAs or BANA's investigation procedures. [Doc. 10, ¶¶ 64-75]. Moreover, the Amended Complaint provides no information as to how such investigation was purportedly unreasonable. *Id.*

Plaintiff is merely regurgitating the elements of the statute and fails to provide any salient facts to support this claim. *Id.* This is not enough. Merely parroting the elements of a FCRA claim is insufficient. *See, e.g., Peart v. Shippie*, 345 F. Appx 384, 386 (11th Cir. 2009) (concluding the plaintiff's complaint failed to state a FCRA claim because the plaintiff did not allege that the furnisher of information failed to conduct an investigation into plaintiff's credit history after being notified of a dispute

by a CRA); *Eisberner v. Discover Products, Inc.,* 921 F.Supp.2d 946, 949 (E.D. Wis. 2013) (FCRA claim dismissed on the grounds that the "complaint contained no factual allegations about defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations was another bare legal conclusion.").

In this case, Plaintiff has failed to allege any specific facts regarding alleged shortcomings in the communications from the CRAs or in BANA's investigative procedures.  Without alleging such facts the classic "unadorned, the defendant unlawfully harmed me accusation" is insufficient to state a claim.  *Tshai Budhi v. BAC Home Loans Servicing, L.P.,* No. 1:11-cv-2785, 2012 WL 1677253, at *6 (N.D. Ga. Apr. 16, 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Again, Plaintiff is merely regurgitating the elements of the statute and fails to provide any salient facts to support the claim.  Plaintiff has failed to allege that BANA's investigation was unreasonable. Plaintiff has also failed to show any actual inaccuracies that BANA could have found through conducting a reasonable investigation. Plaintiff has presented no allegations that the procedures employed by BANA to investigate the reported dispute was in any respect unreasonable. Thus, because Plaintiff has failed to set forth sufficient allegations to establish that BANA failed to conduct a

reasonable investigation, or any facts regarding BANA's investigative procedures, this Motion to Dismiss must be granted.

### 5. Plaintiff Has Failed To Adequately Allege FCRA Causation.

Plaintiff has also failed to adequately alleged FCRA causation. [Doc. 10, ¶¶ 64-75]. In the Amended Complaint, Plaintiff admits that "she has been in the mist of economic hardship for some time now …", that she obtained another loan from another entity and that loan was recently foreclosed upon, and that she defaulted on this Loan's monthly payments. [Doc. 10, ¶¶ 4, 6, 17, 19; Doc. 10-2]. Plaintiff failed to allege the date that she ran her credit or provide a copy of the alleged credit report. [Doc. 10, ¶¶ 64-75]. Plaintiff failed to attach any of the alleged credit dispute letters to her Amended Complaint. [Doc. 10, generally]. There is also no allegation that Plaintiff has applied for credit and been denied any credit on the basis of any purported BANA inaccuracies. *See Cahlin*, 936 F.2d at 1160-61 (holding that there must be a causal connection, beyond plaintiff's bare allegations, that there was a denial of credit related to the erroneous report). Plaintiff's alleged injuries were a result of her "economic hardship" and her various loan defaults and subsequent foreclosure sales, and not a result of the Loan's credit reporting. [Doc. 10, ¶¶ 4, 6, 17, 19; Doc. 10-2]. As a result, Plaintiff has failed to establish a sufficient causal connection between the reporting, failure to investigate, or failure to correct

Plaintiff's credit information that was a substantial factor in causing any alleged injuries.  Thus, Plaintiff has failed to state a claim for a willful or negligent violation under FCRA as a matter of law.  Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and this count of the Amended Complaint must be dismissed as a matter of law.

> 6.  The Allegations in the Amended Complaint Do Not Support a Claim for Willful Or Negligent Violation of the FCRA.

Finally, a plaintiff claiming a willful violation of § 1681s-2(b), under 15 U.S.C. § 1681n, must present evidence that the furnisher acted either in knowing violation of the statute or operated under standard procedures or practices that showed a "reckless disregard" of its obligations under § 1681-s(b)(2). *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2208-09, 2215, 167 L.Ed.2d 1045 (2007); *see also, Llewellyn v. Allstate Home Loans*, Inc., 711 F.3d 1173, 1184-85 (10th Cir. 2013) (affirming summary judgment to Ocwen on claim for willful violation of FCRA when the plaintiff presented no evidence of a standard practice rising to the level of recklessness).

Here, the Amended Complaint asserts no facts that would support a finding of maliciousness or willful misconduct sufficient to justify a punitive damages award, under either state law or the FCRA. [Doc. 10].  The Amended Complaint

Case 1:20-cv-01843-DMR Document 17-1 Filed 06/18/20 Page 42 of 159
Case 1:20-cv-00843-DMR-RGV Document 6-1 Filed 06/18/20 Page 38 of 42
Exhibit Defendants Motion to Dismiss    Page 42 of 159

makes clear that Plaintiff voluntarily signed the security deed, voluntarily obtained the loan funds, voluntarily default on the loan, the security deed was foreclosed upon, and then once facing eviction filed this frivolous dispute of the Loan's reporting. [Doc. 10, generally].

Therefore, the only remaining cause of action before this Court as to BANA is Plaintiff's negligent violation of the FCRA claim. [Doc. 10.] Recovery for a negligence claim is limited to the amount of actual damages plus attorneys' fees and costs. 15 U.S.C. § 1681o. *Moore v. Equifax Info. Servs.,* 333 F. Supp.2d 1360 (N.D. Ga. 2004); *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118 (11th Cir. 2006). To prevail on a FCRA claim based on negligence, a plaintiff must show: (1) that she suffered injury; and (2) that the injury was caused by the inclusion of inaccurate information in his credit report. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160-1161 (11th Cir. 1991). Sufficient allegations of causation and damages are necessary to state a viable claim for a violation of FCRA. *Ray v. Equifax Information Solutions, Inc.*, 327 Fed. Appx 819, 826 (11th Cir. 2009). Thus, if a plaintiff can demonstrate a negligent violation of the FCRA, he must prove actual damages to recover under 15 U.S.C. § 1681o. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (affirming summary judgment and

holding that plaintiff's failure to produce evidence of damage resulting from a FCRA violation mandates summary judgment).

As detailed above, BANA did not act negligently with regard to its FCRA investigation obligations. A review of the Amended Complaint clearly show that due to the Plaintiff's admitted Loan payment default, a foreclosure was initiated. [Doc. 10, ¶ 17, 36; Doc. 10-2].  Also, in the Amended Complaint, Plaintiff admits that "she has been in the mist of economic hardship for some time now …", that she obtained another loan from another entity and that loan was recently foreclosed upon, and that she defaulted on this Loan's monthly payments. [Doc. 10, ¶¶ 4, 6, 17, 19; Doc. 10-2].  Plaintiff failed to allege the date that she ran her credit or provide a copy of the alleged credit report. [Doc. 10, ¶¶ 64-75]. There is also no allegation that Plaintiff has applied for credit and been denied any credit on the basis of any purported BANA inaccuracies.  Therefore, has failed to properly allege damages or causation due to the Loan's credit reporting, and has therefore failed to establish, as a matter of law, a claim for negligent violation of the FCRA.

## V.    CONCLUSION

For the reasons stated above, the Court should grant BANA's Motion to Dismiss and dismiss this lawsuit with prejudice since Plaintiff's claims all fail as a matter of law.

This 3rd day of June, 2020.

/s/ Allison Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:20-cv-01843-WMR-RGV |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on the undersigned date, I electronically filed the foregoing ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Orion Webb, Esq.
Smith Welch Webb & White LLC
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

41

This 3rd day of June, 2020.

/s/ Allison Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Attorneys for Defendant*

Case 17-52050-wlh Doc 13 Filed 06/08/2017 Entered 06/08/2017 Page 1 of 3 Desc
Case 1:20-cv-01843-WMR-RGV File 06/08/2017 Entered 06/08/2012 17:04 of 3
Exhibit Defendants Motion to Dismiss    Page 47 of 159

# EXHIBIT A

03896
0223

BOOK **3896** PAGE **223**

REAL ESTATE TRANSFER TAX
HENRY COUNTY
SUPERIOR COURT

**OCT 24 2000**

PAID $ ___288.00___

CLERK OF SUPERIOR COURT

DOC# 034750
FILED IN OFFICE
10/24/2000  03:17:09PM
BK: 3896  PG: 223-224
JUDITH R. LEWIS
CLERK OF SUPERIOR COURT
HENRY COUNTY, GA

SW&B FILE NO. 00-1612/FB
SMITH, WELCH & BRITTAIN, ATTORNEYS AT LAW, THE COMMERCE BUILDING,
235 KEYS FERRY STREET, SUITE 200, P. O. BOX 10, MCDONOUGH, GEORGIA 30253

## WARRANTY DEED

STATE OF GEORGIA, HENRY COUNTY.

IN CONSIDERATION OF THE SUM OF ONE DOLLAR AND OTHER CONSIDERATIONS to

us paid, we, JOSEPH ARMOND DANIELL and ELSIE MEERS DANIELL, of the County of Jasper, and

State of Georgia, do hereby sell and convey unto DAVID A. GARDNER and LISA CHAMBERS

GARDNER, AS JOINT TENANTS WITH FULL SURVIVORSHIP AND NOT MERELY AS TENANTS

IN COMMON,  their heirs and assigns, a tract or parcel of land, which is described as follows:

All that tract or parcel of land lying and being in Land Lots 78 and 79 of the 8th District of Henry County,
Georgia, containing 40.26 acres, as shown on plat of survey made for Bobby Abbott by Joe Rowan, Jr.,
Henry County Surveyor, dated January 16, 1986, recorded in Plat Book 12, Page 14, Henry County
Records.  The description of said property as contained on said plat is hereby incorporated herein and by
reference made a part hereof.  --LESS AND EXCEPT:

All that tract or parcel of land lying and being in Land Lot 78 of the 8th District of Henry County,
Georgia, containing 1.42 acres, and being more particularly described according to plat of survey made for
Joseph Armond Daniell and Elsie M. Daniell by John M. Massey, Jr., Georgia Registered Land Surveyor
No. 2490, dated August 28, 1993, recorded in Plat Book 22, Page 113, Henry County Records.  The
description of said property as contained on said plat is hereby incorporated herein and by reference made
a part hereof.

THE ABOVE DESCRIBED PROPERTY IS CONVEYED SUBJECT TO ALL EASEMENTS AND

RESTRICTIVE COVENANTS OF RECORD, IF ANY.

GEORGIA, HENRY COUNTY
I CERTIFY THAT THE FOREGOING
IS A TRUE AND EXACT COPY OF THE
ORIGINAL WHICH APPEARS OF RECORD
IN THIS OFFICE. BK 3896
PG 223-224
IN WITNESS WHEREOF I HAVE
THIS 5 DAY OF May, 2020
AFFIXED MY SEAL AND SIGNATURE
_Helen N. Brown / Deputy Clerk_
BARBARA A. HARRISON - HENRY SUPERIOR COURT



03896
0224

BOOK 3896 PAGE 224

TO HAVE AND TO HOLD said land and appurtenances unto said DAVID A. GARDNER and

LISA CHAMBERS GARDNER, AS JOINT TENANTS WITH FULL SURVIVORSHIP AND NOT

MERELY AS TENANTS IN COMMON, their heirs, executors, administrators, and assigns, in fee simple,

Grantors  warrant the title to said land against the lawful claims of all persons.

In Witness Whereof, Grantors have hereunto set their hands and affixed their seals this the 20th

day of October, 2000.

Signed, sealed and delivered
in the presence of:

_____
unofficial witness

_____ (SEAL)
Notary Public
My Commission expires:

_____ (L.S.)
JOSEPH ARMOND DANIELL


_____ (L.S.)
ELSIE MEERS DANIELL

# EXHIBIT B

Case 1:20-cv-01843-MHC-RGV Document 1-6 Filed 06/08/20 Page 2 of 16
Case 1:17-cv-04843-WMR-RGV Filed 06/16/17 Entered 06/08/20 12:47:04 Desc
Exhibit Defendants Motion to Dismiss    Page 51 of 159

| BOOK | PAGE |
|------|------|
| 010356 | 0294 |



**Record and Return To:**
**Fiserv Lending Solutions**
27 Inwood Road
**ROCKY HILL, CT 06067**

Gardner, Lisa C
Loan Number:

PREPARED By : WAYNE PETERSON

**BANK OF AMERICA**
**9000 SOUTHSIDE BLVD**
**JACKSONVILLE, FL 32256**

DOC# 030851
FILED IN OFFICE
07/24/2007    08:45 AM
BK:10356    PG:294-306
JUDITH A LEWIS
CLERK OF SUPERIOR COURT
HENRY COUNTY

GEORGIA INTANGIBLE
TAX PAID
$600.00
DATE 7/23/2007

CLERK OF SUPERIOR COURT
HENRY COUNTY

GEORGIA, HENRY COUNTY
I CERTIFY THAT THE FOREGOING
IS A TRUE AND EXACT COPY OF THE
ORIGINAL WHICH APPEARS OF RECORD
IN THIS OFFICE BK 010356
PG 294 - 306
THIS _____ DAY OF _____ 20__
IN WITNESS WHEREOF I HAVE
AFFIXED MY SEAL AND SIGNATURE
BARBARA A. HARRISON - HENRY SUPERIOR COURT

---

[Space Above This Line For Recording Data]

## SECURITY DEED

### DEFINITIONS

**(A)** "Security Instrument" means this document, which is dated    JULY 6, 2007     , together
with all Riders to this document.
**(B)** "Borrower" is LISA C GARDNER, DAVID A GARDNER

the party or parties who have signed this Security Instrument.
Borrower is the grantor under this Security Instrument.
**(C)** "Lender" is   Bank of America, NA

Lender is a   National Banking Association                            · organized
and existing under the laws of   THE UNITED STATES OF AMERICA
Lender's address is    100 North Tryon Street, Charlotte, North Carolina
28255

Lender is the grantee under this Security Instrument.
**(D)** "Agreement" means the Home Equity Line of Credit Agreement signed by the Borrowers.
**(E)** "Account" means the Home Equity Line of Credit Account pursuant to which the Lender makes Advances to
the Borrower at the Borrower's direction, allowing the Borrower to repay those Advances and take additional
Advances, subject to the terms of the Agreement.
**(F)** "Credit Limit" means the maximum aggregate amount of principal that may be secured by this Security
Instrument at any one time. The Credit Limit is $200,000.00                    . Except to the extent
prohibited by Applicable Law, the Credit Limit does not apply to interest, Finance Charges, and other fees and
charges validly incurred by Borrower under the Agreement and this Security Instrument. The Credit Limit also does
not apply to other advances made under the terms of this Security Instrument to protect Lender's security and to
perform any of the covenants contained in this Security Instrument.
**(G)** "Account Balance" is the total unpaid principal of the Account, plus earned but unpaid Finance Charges,
outstanding fees, charges, and costs.
**(H)** "Maturity Date" is the date on which the entire Account Balance under the Agreement is due. The entire
Account Balance on your Account, as defined in the Agreement and this Security Instrument, is due on
JULY 6, 2032         .
**(I)** "Property" means the Property that is described below under the heading "Transfer of Rights in the Property."

LISA  C  GARDNER/
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC  10/06/06                          Page 1 of 12

DocMagic *eFerms* 800-649-1362
www.docmagic.com

BOOK    PAGE

010356 0295

(J) **"Secured Debt"** means:
   (1) All amounts due under your Account, including principal, interest, Finance Charges, and other fees, charges, and costs incurred under the terms of this Security Instrument and all extensions, modifications, substitutions or renewals thereof.
   (2) Any advances made and expenses incurred by Lender under the terms of this Security Instrument.

(K) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ 1-4 Family            ☐ Condominium Rider                ☐ Escrow Rider
☐ Second Home           ☐ Planned Unit Development Rider   ☐ Mortgage Insurance Rider
☐ Other(s)

(L) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(M) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(N) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(O) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(P) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Agreement and/or this Security Instrument.

(Q) **"Approved Prior Loan"** means a lien which is and which lender acknowledges and agrees will continue to have priority over the lien created by this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the

COUNTY                              of    HENRY
[Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]

SCHEDULE A ATTACHED HERETO AND MADE A PART OF.

LISA C GARDNER/

GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC  10/06/06                          Page 2 of 12                          DocMagic *eForms* 800-649-1362
                                                                                   www.docmagic.com

Case 17-52050-wlh Doc 63 Filed 06/18/17 Entered 06/18/20 12:47:04 Desc
Case 1:20-cv-01843-MHC Document 1 Filed 06/08/20 Page 74 of 146
Exhibit Defendants Motion to Dismiss    Page 53 of 159

**BOOK      PAGE**

**010356  0296**

which currently has the address of      275  BUTLER  BRIDGE  DR
                                                                           [Street]

MCDONOUGH                    GEORGIA                         30252          ("Property Address"):
       [City]                    [State]                     [Zip Code]

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

ADVANCES. During the Draw Period described in the Agreement, the Borrower may repeatedly take and repay any advances that Lender makes to Borrower under the terms of the Agreement and this Security Instrument, subject to the terms that the Agreement and this Security Instrument impose. The Agreement and this Security Instrument will remain in full force and effect notwithstanding that the Account Balance under the Agreement may occasionally be reduced to an amount of equal to or less than zero.

Any amounts that Lender advances to Borrower in excess of the Credit Limit will be secured by the terms of this Security Instrument unless applicable law prohibits the same. Lender shall not be obligated to increase the Credit Limit formally or to make additional Advances in excess of the Credit Limit stated in the Agreement even though the Credit Limit has been exceeded one or more times. The Draw Period may or may not be followed by a Repayment Period, as described in the Agreement, during which additional Advances are not available. During both the Draw Period and the Repayment Period the Lender may, at its option, make Advances from the Account to pay fees, charges, or credit insurance premiums due under the Agreement or this Security Instrument, or make other Advances as allowed by this Security Instrument.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.**      Borrower and Lender covenant and agree as follows:

**1.    Payment of Secured Debt.** Borrower shall pay when due all Secured Debt in accordance with the Agreement and this Security Instrument. All payments shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Agreement or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Agreement or Security Instrument be by a method of Lender's choosing. These methods include, but are not limited to: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Billing Statement or at such other location as may be designated by Lender in accordance with the notice provisions provided in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Account current. Lender may accept any payment or partial payment insufficient to bring the Account current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Agreement and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2.    Application of Payments or Proceeds.** All payments accepted by Lender shall be applied to the Secured Debt under this Security Instrument as provided in the Agreement unless Applicable Law provides otherwise. Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Agreement shall not extend or postpone the due date, or change the amount, of the Minimum Payment.

**3.    Funds for Escrow Items.** Borrower shall not be required to pay into escrow amounts due for taxes, assessments, leasehold payments, or other insurance premiums unless otherwise agreed in a separate writing.

LISA  C  GARDNER/
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC  10/06/06                                    Page 3 of 12                    DocMagic *eFarms* 800-649-1362
                                                                                      www.docmagic.com

BOOK    PAGE

# 010356 0297

**4.    Charges; Liens; Prior Security Interests.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if  any. To the extent that these items are Escrow Items, Borrower shall pay them in a manner provided in Section 3.

Borrower shall promptly discharge any lien, other than the Approved Prior Loan, which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or .(c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, other than the Approved Prior Loan, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take  one or more of the actions set forth in this Section.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with the Agreement. Borrower shall pay when due, or shall cause to be paid when due, all sums required under the loan documents evidencing the Approved Prior Loan and shall perform or cause to be performed all of the covenants and agreements of Borrower or the obligor set forth in such loan documents. All of Lender's rights under this Covenant shall be subject to the rights of the Holder of the Approved Prior Loan.

**5.    Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Agreement. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section shall become additional Secured Debt of Borrower and secured by this Security Instrument. These amounts shall be subject to the terms of the Agreement and the Security Instrument.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgagee clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgagee clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender

LISA  C  GARDNER/
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC  10/06/06                                    Page 4 of 12                    DocMagic *eForms* 800-649-1362
                                                                                       www.docmagic.com

Case 7:20-cv-00843-DMCR-RG Filed 06/18/2017 Entered 06/08/20 12:47:04 of Desc
Exhibit Defendants Motion to Dismiss    Page 55 of 159
BOOK    PAGE

010356 0298

has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the Secured Debt secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Agreement or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Agreement or this Security Instrument, whether or not then due.

6.    **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of the Agreement and Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.    **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower resides on the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.    **Borrower's Home Equity Line of Credit Application Process; Default.** Borrower shall be in default if, during the Account application process, or at any time during the term of the Agreement, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Account. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

Borrower is also in default if: 1) Borrower engages in fraud or makes a material misrepresentation at any time in connection with Borrower's Account; 2) Lender does not receive the full amount of any Minimum Payment due or Borrower fails to meet any of the other repayment terms of the Agreement; 3) Borrower's action or inaction adversely affects the Property or Lender's rights in it. Examples of these actions or inactions include, but are not limited to: a) Borrower's's death, if Borrower is the sole person on the Account; or the death of all but one borrower which adversely affects Lender's security; b) Illegal use of the Property, if such use subjects the Property to seizure; c) Transfer of all or part of the Borrower's interest in the Property without Lender's written consent; d) All or part of the Property is taken by condemnation or eminent domain; e) Foreclosure of any senior lien on the Property; f)

LISA   C   GARDNER /
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC   10/06/06                                    Page 5 of 12                          *DocMagic* €Forms 800-649-1362
                                                                                              www.docmagic.com

BOOK        PAGE

# 010356 0299

Failure to maintain required insurance on the Property;  g)  Waste or destructive use of the Property which adversely affects Lender's security;  h)  Failure to pay taxes or assessments on the Property;  i)  Permitting the creation of a senior lien on the Property other than an Approved Prior Loan;  j)  Filing of a judgment against Borrower, if the amount of the judgment and collateral subject to the judgment is such that Lender's security is adversely affected.

Lender may, at its option, take lesser actions than those described at the beginning of this Section.  Such lesser actions may include, without limitation, suspending Borrower's Account and not allowing Borrower to obtain any further Advances, reducing Borrower's Credit Limit, and/or changing the payment terms on Borrower's Account. If Lender takes any such actions, this shall not constitute an election of remedies or a waiver of Lender's right to exercise any rights or remedies under the remainder of this Section, the remaining provisions of the Agreement, the Security Instrument, or at law or in equity.  Lender may take action under this Section only after complying with any notice or cure provisions required under Applicable Law.  In the event Lender elects not to terminate the Account or take any lesser action as provided in this Section, Lender does not forfeit or waive its right to do so at a later time if any of the circumstances described above exists at that time.

**9.    Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for  whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property (as set forth below).  Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b)  appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.  Securing the Property includes, but is not limited to, making repairs, replacing doors and windows, draining water from pipes, and eliminating building or other code violations or dangerous conditions.  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section shall become additional Secured Debt of Borrower secured by this Security Instrument, payable according to the terms of the Agreement and this Security Instrument.  These amounts shall bear interest at the Agreement rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.  If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease.  Borrower shall not, without the express written consent of Lender, alter or amend the ground lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10.    Mortgage Insurance.**  Borrower is not required to obtain Mortgage Insurance unless otherwise agreed in writing.

**11.    Assignment of Miscellaneous Proceeds; Forfeiture.**  All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the Secured Debt secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.  Such Miscellaneous Proceeds shall be applied in the order provided for in the Agreement and this Security Instrument.

LISA  C  GARDNER/
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI HLC  10/06/06                                    Page 6 of 12                    DocMagic *eForms* 800-649-1362
                                                                                       www.docmagic.com

BOOK    PAGE

# 010356 0300

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the Secured Debt secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the Secured Debt secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Secured Debt secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the Secured Debt immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the Secured Debt immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the Secured Debt secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, and Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the Secured Debt secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be otherwise applied in the order provided for in Section 2.

**12.    Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the Secured Debt secured by this Security Instrument granted by Lender to Borrower or any Successors in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13.    Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Agreement (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the Secured Debt secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Agreement without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability

LISA  C  GARDNER/

GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI HLC  10/06/06

Page 7 of 12

DocMagic *eFerrms* 800-649-1362
www.docmagic.com

BOOK       PAGE
010356   0301

under this Security Instrument unless Lender agrees to such release in writing.  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender.

14.  **Agreement/Account Charges.**  Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees.  In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee.  Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Account is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other Account charges collected or to be collected in connection with the Account exceed the permitted limits, then:  (a) any such Account charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Agreement).  Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15.  **Notices.**  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time.  Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower.  Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.  If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16.  **Governing Law; Severability; Rules of Construction.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.  Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.  In the event that any provision or clause of this Security Instrument or the Agreement conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Agreement which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17.  **Borrower's Copy.**  Borrower shall be given one copy of the Agreement and of this Security Instrument.

18.  **Transfer of the Property or a Beneficial Interest in Borrower.**  As used in this Section, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

LISA  C  GARDNER/
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC   10/06/06                                              Page 8 of 12                                    DocMagic *eFmrmss* 800-649-1362
www.docmagic.com

Case 1:20-cv-01843-DLM-B4RC V Filed 06/13/20 Entered 06/13/20 Page 04 of Desc
Case 1:20-cv-01843-DLM-B4RC V Filed 06/16/20 Entered 06/13/20 Page 04 of Desc
Exhibit Defendants Motion to Dismiss    Page 59 of 159
BOOK        PAGE

010356  0302

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender or causes Lender to be paid all sums which then would be due under this Security Instrument and the Agreement as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the Secured Debt secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Change of Servicer; Notice of Grievance.** The Agreement or a partial interest in the Agreement (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Servicer") that collects the amounts due under the Agreement and this Security Instrument and performs other mortgage loan servicing obligations under the Agreement, this Security Instrument, and Applicable Law. There also might be one or more changes of the Servicer unrelated to a sale of the Agreement. If the Agreement is sold and thereafter the Agreement is serviced by a Servicer other than the purchaser of the Agreement, the servicing obligations to Borrower will remain with the Servicer or be transferred to a successor Servicer and are not assumed by the Agreement purchaser unless otherwise provided.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party and allowed the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and reasonable time to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a

<u>LISA  C  GARDNER</u>
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC  10/06/06                              Page 9 of 12

DocMagic *☏Formax* 800-649-1362
www.docmagic.com

BOOK    PAGE

010356  0303

condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.**    Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice as required by Applicable Law prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument or the Agreement (but not prior to acceleration under Section 18 of the Security Instrument unless Applicable Law provides otherwise), Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any art of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.**

**23. Release.** Upon Borrower's request, and upon payment in full of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**25. Assumption Nota Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Agreement, and any release of Borrower in connection therewith, shall not constitute a novation.

**26. Security Deed; Future Advances.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby. This Security Instrument secures future advances.

LISA  C  GARDNER
GEORGIA HOME EQUITY LINE OF CREDIT SECURITY DEED
GAHESI.HLC  10/06/06                                    Page 10 of 12                    DocMagic *eFarms* 800-849-1362
www.docmagic.com

BOOK      PAGE

# 010356 0304

**BENEFICIARY REQUESTS NOTICE OF ANY ADVERSE ACTION**
**THAT A PRIORITY LIEN HOLDER TAKES WITH REGARD TO**
**THE PROPERTY, INCLUDING DEFAULT AND FORECLOSURE**

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)
LISA C GARDNER              -Borrower

_____ (Seal)
DAVID A GARDNER            -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

BOOK    PAGE

010356 0305

——————————————————[Space Below This Line For Acknowledgment]——————————————————

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Unofficial Witness

_____
Notary Public
State of Georgia

My commission expires: _____

BOOK     PAGE

010356 0306

H1879881

### SCHEDULE A

THE FOLLOWING REAL PROPERTY SITUATE IN COUNTY OF HENRY AND STATE OF GEORGIA, DESCRIBED AS FOLLOWS:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOTS 78 AND 79 OF THE 8TH DISTRICT OF HENRY COUNTY, GEORGIA, CONTAINING 40.26 ACRES, AS SHOWN ON PLAT OF SURVEY MADE FOR BOBBY ABBOTT BY JOE ROWAN, JR., HENRY COUNTY SURVEYOR, DATED JANUARY 16, 1986, RECORDED IN PLAT BOOK 12, PAGE 14, HENRY COUNTY RECORDS. THE DESCRIPTION OF SAID PROPERTY AS CONTAINED ON SAID PLAT IS HEREBY INCORPORATED HEREIN AND BY REFERENCE MADE A PART HEREOF. LESS AND EXCEPT:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOTS 78 OF THE 8TH DISTRICT OF HENRY COUNTY, GEORGIA, CONTAINING 1.42 ACRES, AND BEING MORE PARTICULARLY DESCRIBED ACCORDING TO PLAT OF SURVEY MADE FOR JOSEPH ARMOND DANIELL AND ELSIE M. DANIELL BY JOHN M. MASSEY, JR., GEORGIA REGISTERED LAND SURVEYOR NO. 2490, DATED AUGUST 28, 1993, RECORDED IN PLAT BOOK 22, PAGE 113, HENRY COUNTY RECORDS. THE DESCRIPTION OF SAID PROPERTY AS CONTAINED ON SAID PLAT IS HEREBY INCORPORATED HEREIN AND BY REFERENCE MADE A PART HEREOF.


PROPERTY ADDRESS: 275 BUTLER BRIDGE DRIVE

# EXHIBIT C

DISMISS, CLOSED

## U.S. Bankruptcy Court
## Northern District of Georgia (Atlanta)
## Bankruptcy Petition #: 17-54050-wlh

|  |  |
|---|---|
| | *Date filed:* 03/05/2017 |
| *Assigned to:* Chief Judge Wendy L. Hagenau | *Date terminated:* 08/28/2017 |
| Chapter 13 | *Debtor dismissed:* 07/26/2017 |
| Voluntary | *341 meeting:* 04/28/2017 |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

Filed in Clerk's Office and
a true copy certified this
24 day of *April*, 2020
M. REGINA THOMAS, CLERK

By: _____
Deputy Clerk

**Debtor**                                      represented by **Darrel L. Hopson**
**Lisa Chambers Gardner**                                        Darrel L. Hopson, P.C.
275 Butlers Bridge Drive                                         109 Stockbridge Road
McDonough, GA 30252                                              P. O. Box 1034
HENRY-GA                                                        Jonesboro, GA 30237
SSN / ITIN: xxx-xx-5704                                          (770) 471-3868
*aka* Mary Gardner                                              Fax : 770-818-5659
*aka* Mary Lisa Chambers                                        Email: dlhopson@aol.com

**Trustee**                                     represented by **Ryan J. Williams**
**Nancy J. Whaley**                                              Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee                        Standing Chapter 13 Trustee
303 Peachtree Center Avenue                                     303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza                                Suite 120
Atlanta, GA 30303                                               Atlanta, GA 30303
(678) 992-1201                                                  (678) 992-1201
                                                                Fax : (678) 668-1202
                                                                Email: ecf@njwtrustee.com

| Filing Date | # | Docket Text |
|---|---|---|
| 03/05/2017 | ◗ 1<br>(61 pgs) | Voluntary Petition (Chapter 13) for Individual(s), Fee $ 310 Filed by Darrel L. Hopson of Darrel L. Hopson, P.C. on behalf of Lisa Chambers Gardner. Government Proof of Claim due by 9/1/2017. (Hopson, Darrel) |
| 03/05/2017 | ◗ 2<br>(1 pg) | Statement of Social Security Number (Official Form B121) (Document is restricted and can only be viewed by Court staff.) filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (Hopson, Darrel) 🔒 |
| | ◗ 3<br>(1 pg) | Credit Counseling Service Certificate filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (Hopson, |

| 03/05/2017 | | Darrel) 🛈 |
|---|---|---|
| 03/05/2017 | 🔵4<br>(1 pg) | Payment Advices of Debtor filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (Hopson, Darrel) Modified on 3/6/2017 (ggd). 🛈 |
| 03/05/2017 | 5 | Receipt of Initial Docs01: Voluntary Petition (Chapter 13) (17-54050) [misc,1023aty] ( 310.00) filing fee. Receipt Number 44244794. Fee Amount 310.00 (re: Doc# 1) (U.S. Treasury) |
| 03/05/2017 | 🔵6<br>(9 pgs) | Chapter 13 Plan filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (Hopson, Darrel) 🛈 |
| 03/05/2017 | 🔵7<br>(1 pg) | Small Business Balance Sheet /business income and expenses filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (Hopson, Darrel) |
| 03/06/2017 | 🔵8<br>(2 pgs) | Notice of Meeting of Creditors (Chapter 13) 341 Meeting to be held on 04/13/2017 at 09:00 AM at Hearing Room 368, Atlanta. Objections for Discharge due by 06/12/2017. Non-Government Proof of Claims due by 07/12/2017.Confirmation Hearing to be held on 05/17/2017 at 01:30 PM at Courtroom 1403, Atlanta. (related document(s) 6 Chapter 13 Plan filed by Lisa Chambers Gardner) If applicable, a hearing on the Allowance and Approval of Debtor's Counsel Attorney Fees will be held with the Confirmation Hearing. (Admin.) |
| 03/06/2017 | 🔵9<br>(1 pg) | Notice of Appearance Filed by Synchrony Bank. (PRA Receivables Management, LLC) 🛈 |
| 03/08/2017 | 🔵10<br>(3 pgs) | Certificate of Mailing by BNC of Notice of Meeting of Creditors Notice Date 03/08/2017. (Admin.) (Entered: 03/09/2017) |
| 03/08/2017 | 🔵11<br>(10 pgs) | Certificate of Mailing by BNC of Chapter 13 Plan Notice Date 03/08/2017. (Admin.) (Entered: 03/09/2017) |
| 03/09/2017 | 🔵12<br>(7 pgs) | Motion to Extend the Stay , with Notice of Hearing along with Certificate of Service, filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. Hearing to be held on 4/5/2017 at 10:00 AM in Courtroom 1403, Atlanta, (Hopson, Darrel) 🛈 |
| | 🔵13<br>(4 pgs) | Notice Rescheduling Meeting of Creditors Filed by Ryan J. Williams on behalf of Nancy J. Whaley. 341 Meeting to be |

| | | |
|---|---|---|
| 03/09/2017 | | held on 4/21/2017 at 10:00 AM in Office of Nancy J. Whaley. (Williams, Ryan) 🛈 |
| 03/14/2017 | 🌐14 (4 pgs) | Notice Rescheduling Meeting of Creditors Filed by Ryan J. Williams on behalf of Nancy J. Whaley. 341 Meeting to be held on 4/28/2017 at 10:00 AM in Office of Nancy J. Whaley. (Williams, Ryan) 🛈 |
| 03/14/2017 | 🌐15 (2 pgs) | Notice of Appearance Filed by Monica L. Vining on behalf of Private Bank of Buckhead. (Vining, Monica) 🛈 |
| 03/14/2017 | 🌐17 (1 pg) | Notice of Leave of Absence from April 18-21, 2017, May 5, 2017, May 8-12, 2017, June 23, 2017, June 26-30, 2017, July 3, 2017 and July 5, 2017 (mbr) (Entered: 03/16/2017) |
| 03/15/2017 | 🌐16 (2 pgs) | Notice of Appearance Filed by Lisa F. Caplan on behalf of BANK OF AMERICA, N.A. (Caplan, Lisa) 🛈 |
| 03/21/2017 | 🌐18 (9 pgs) | MOTION FOR ORDER TO ALLOW STAY TO REMAIN IN EFFECT UNTIL HEARING *with Certificate of Service* filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (related document(s)12 Motion to Extend Stay filed by Lisa Chambers Gardner) (Hopson, Darrel) Modified on 3/22/2017 (amm). 🛈 |
| 03/22/2017 | 🌐19 (4 pgs) | Order to Allow Stay to Remain in Effect Until Hearing. IT IS HEREBY ORDERED that the automatic stay shall remain in effect in this case until April 5, 2017. (Related Doc # 18) Service by BNC. Entered on 3/22/2017. (css) |
| 03/22/2017 | 🌐20 (4 pgs) | Order Granting in part Motion to Extend Stay. Automatic Stay shall remain in effect until Hearing on April 5, 2017. (Related Doc # 12) Service by BNC. Entered on 3/22/2017. (abs) |
| 03/24/2017 | 🌐21 (5 pgs) | Certificate of Mailing by BNC of Order on Motion to Extend Stay Notice Date 03/24/2017. (Admin.) (Entered: 03/25/2017) |
| 03/24/2017 | 🌐22 (5 pgs) | Certificate of Mailing by BNC of Order on Motion to Extend Stay Notice Date 03/24/2017. (Admin.) (Entered: 03/25/2017) |
| 04/18/2017 | 🌐23 (3 pgs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by BANK OF AMERICA, N.A. (Bank of America) 🛈 |

| | | |
|---|---|---|
| 04/18/2017 | ● 24<br>(4 pgs) | Order Regarding Debtors Motion To Extend Stay Pursuant To 11 USC §362(c)(3) (Related Doc # 12) Service by BNC. Entered on 4/18/2017. (css) |
| 04/20/2017 | ● 25<br>(5 pgs) | Certificate of Mailing by BNC of Order on Motion to Extend Stay Notice Date 04/20/2017. (Admin.) (Entered: 04/21/2017) |
| 04/28/2017 | ● | Section 341(a) meeting held and concluded (asb) (Entered: 05/01/2017) |
| 05/03/2017 | ● 26<br>(4 pgs) | Objection to Confirmation of Plan *and Motion to Dismiss Case* Filed by Ryan J. Williams on behalf of Nancy J. Whaley. (Williams, Ryan) ❶ |
| 05/03/2017 | ● 27<br>(1 pg) | Debtor(s) Questionnaire Filed by Nancy J. Whaley on behalf of Nancy J. Whaley. (Whaley, Nancy) ❶ |
| 05/08/2017 | ● 28<br>(3 pgs) | (WITHDRAWN) Objection to Confirmation of Plan filed by Lisa F. Caplan on behalf of BANK OF AMERICA, N.A. (Caplan, Lisa) Modified on 7/26/2017 (kkp). ❶ |
| 05/12/2017 | ● 29<br>(2 pgs) | Supplemental Objection to Confirmation of Plan *and Motion to Dismiss Case* Filed by Ryan J. Williams on behalf of Nancy J. Whaley. (Williams, Ryan) ❶ |
| 05/15/2017 | ● 30<br>(7 pgs) | Objection *to Confirmation of Plan and Request for Dismissal of Case* filed by Monica L. Vining on behalf of Private Bank of Buckhead. (related document(s)6 Chapter 13 Plan filed by Lisa Chambers Gardner)(Vining, Monica) ❶ |
| 05/19/2017 | ● 31<br>(3 pgs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by BANK OF AMERICA, N.A. (Bank Of America) ❶ |
| 05/19/2017 | ● 32<br>(7 pgs) | MOTION REQUESTING ENTRY OF CONSENT ORDER AUTHORIZING ADEQUATE PROTECTION PAYMENTS filed by Leslie M. Pineyro on behalf of Private Bank of Buckhead. (Pineyro, Leslie) Modified on 5/22/2017 (amm). ❶ |
| 05/22/2017 | ● 33<br>(3 pgs) | Consent Order Authorizing Adequate Protection Payments filed by Private Bank of Buckhead (Related Doc # 32). Service by BNC. Entered on 5/22/2017. (css) ❶ |
| | ● 34 | Order and Notice of Evidentiary Hearing. Service by BNC. |

| | | |
|---|---|---|
| 05/23/2017 | (2 pgs) | Entered on 5/23/2017. Hearing to be held on 8/24/2017 at 09:30 AM in Courtroom 1403, Atlanta. (related document(s) 6 Chapter 13 Plan filed by Lisa Chambers Gardner)(css) |
| 05/24/2017 | 35 (4 pgs) | Certificate of Mailing by BNC of Order on Motion for Adequate Protection Notice Date 05/24/2017. (Admin.) (Entered: 05/25/2017) |
| 05/25/2017 | 36 (3 pgs) | Certificate of Mailing by BNC of Order and Notice Notice Date 05/25/2017. (Admin.) (Entered: 05/26/2017) |
| 05/31/2017 | 37 (1 pg) | Notice to Debtor(s) Regarding Financial Management Certificate Due (ADIclerk). |
| 05/31/2017 | 38 (1 pg) | Notice of Appearance *and Substitution of Counsel* Filed by Leslie M. Pineyro on behalf of Private Bank of Buckhead. (Pineyro, Leslie) |
| 06/02/2017 | 39 (2 pgs) | Certificate of Mailing by BNC of Notice to Debtor Re: Financial Mgmt. Cert. Notice Date 06/02/2017. (Admin.) (Entered: 06/03/2017) |
| 06/19/2017 | 40 (3 pgs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by BANK OF AMERICA, N.A. (Bank Of America) |
| 06/22/2017 | 41 (6 pgs) | Motion for Examination of *Lisa Chambers Gardner* filed by Leslie M. Pineyro on behalf of Private Bank of Buckhead. (Pineyro, Leslie) |
| 06/26/2017 | 42 (6 pgs) | Amended Motion and Combined Brief for Order Authorizing Bankruptcy Rule 2004 Examination of Debtor *Lisa Chambers Gardner* filed by Leslie M. Pineyro on behalf of Private Bank of Buckhead. (related document(s)41 Motion for Examination pursuant to FRBP 2004 filed by Private Bank of Buckhead) (Pineyro, Leslie) Modified to edit text on 6/27/2017 (jla). |
| 06/28/2017 | 43 (2 pgs) | Order Authorizing Bankruptcy Rule 2004 Examination Of Debtor Lisa Chambers Gardner (Related Doc # 42) Service by BNC. Entered on 6/28/2017. (css) |
| 06/30/2017 | 44 (3 pgs) | Certificate of Mailing by BNC of Order on Motion for Examination Pursuant to FRBP 2004 Notice Date 06/30/2017. (Admin.) (Entered: 07/01/2017) |
| | 45 | Notice of Issuance of Subpoena to Debtor Filed by Leslie |

| | | |
|---|---|---|
| 07/07/2017 | (10 pgs) | M. Pineyro on behalf of Private Bank of Buckhead. (related document(s)43 Order on Motion for Examination)(Pineyro, Leslie) |
| 07/07/2017 | 🌑 46 (1 pg) | Certificate of Service filed by Leslie M. Pineyro on behalf of Private Bank of Buckhead. (related document(s)43 Order on Motion for Examination, 45 Notice)(Pineyro, Leslie) ❶ |
| 07/13/2017 | 🌑 47 (25 pgs) | Amendment to Voluntary Petition to: Add or Update Alias (aka, fka, dba) for Debtor(s), Amended Attorney Disclosure Statement , Amended Schedule A/B , Amended Schedule C , Amended Schedule D *changing amounts only*, Amended Summary of Assets and Liabilities with Statistical Information for Individual Debtor , Verification or Declaration for Individual Debtor, *Amendment cover sheet* filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (related document(s)1) (Hopson, Darrel) Modified on 7/14/2017 (kmj). ❶ |
| 07/13/2017 | 🌑 48 (8 pgs) | PLAN COULD NOT BE SERVED VIA BNC. ATTORNEY TO REFILE AMENDED PLAN. Amended Chapter 13 Plan filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (related document(s)6) (Hopson, Darrel) Modified on 7/17/2017 (jwc). ❶ |
| 07/14/2017 | 🌑 | Document is incorrect or deficient in the following manner: Certificate of Service is incomplete; Missing Fee, $31.00 (related document(s)47) (kmj) |
| 07/14/2017 | 🌑 | Your account has been assessed a fee of $31 (related document(s)47) (jwc) ❶ |
| 07/14/2017 | 49 | Receipt of Amendment to Schedules D,E,F and/or E/F (FEE)(17-54050-wlh) ( 31.00) filing fee. Receipt Number 45357288. Fee Amount 31.00 (re: Doc# 47) (U.S. Treasury) |
| 07/14/2017 | 🌑 50 (3 pgs) | Certificate of Service filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (related document(s)47) (Hopson, Darrel) ❶ |
| 07/18/2017 | 🌑 51 (8 pgs) | Amended Chapter 13 Plan filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (related document(s)6) (Hopson, Darrel) ❶ |
| | 🌑 53 (1 pg) | Notice of Leave of Absence from August 3-4, 2017, August 7-11, 2017, September 7-8, 2017, September 11-15, 2017 and October 9-14, 2017 filed by Darrel L. Hopson on behalf |

| 07/20/2017 | | of Lisa Chambers Gardner. (kkp) (Entered: 07/21/2017) |
|---|---|---|
| 07/21/2017 | 52 (9 pgs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filedby BANK OF AMERICA, N.A. (Bank of America) |
| 07/21/2017 | 54 (9 pgs) | Certificate of Mailing by BNC of Amended Plan Notice Date 07/21/2017. (Admin.) (Entered: 07/22/2017) |
| 07/25/2017 | 55 (2 pgs) | Motion to Dismiss Case Voluntary by Debtor *with Certificate of Service* filed by Darrel L. Hopson on behalf of Lisa Chambers Gardner. (Hopson, Darrel) |
| 07/25/2017 | 56 (2 pgs) | Withdrawal of Objection to Confirmation of Plan filed by Lisa F. Caplan on behalf of BANK OF AMERICA, N.A. (related document(s)28) (Caplan, Lisa) Modified on 7/26/2017 (kkp). |
| 07/26/2017 | 57 (1 pg) | Order Dismissing Ch. 13 Case - Voluntary. BNC to Serve Entered on 7/26/2017. (ngs) |
| 07/28/2017 | 58 (2 pgs) | Certificate of Mailing by BNC of Order Dismissing Case Notice Date 07/28/2017. (Admin.) (Entered: 07/29/2017) |
| 08/23/2017 | 59 (4 pgs) | Final Report and Accounting Filed by Nancy J. Whaley on behalf of Nancy J. Whaley. (Whaley, Nancy) |
| 08/28/2017 | 60 (1 pg) | Order Approving Account, Discharging Trustee and Closing Estate. Service by BNC (ysg) |
| 08/28/2017 | | Case Closed (ysg) |
| 08/30/2017 | 61 (2 pgs) | Certificate of Mailing by BNC of Order Closing Estate Notice Date 08/30/2017. (Admin.) (Entered: 08/31/2017) |

Filed in Clerk's Office and
a true copy certified this
24 day of April 1, 2020
M. REGINA THOMAS, CLERK

By:
Deputy Clerk

# EXHIBIT D

## United States Bankruptcy Court
### Northern District of Georgia

| | | | |
|---|---|---|---|
| In re | Lisa Chambers Gardner | Case No. | 17-54050 |
| | Debtor(s) | Chapter | 13 |

## AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:
**Petition, Attorney Disclosure, Schedule A/B, Schedule C, Schedule D, Summary of Assets and Liabilities, Declaration of Schedules, Certificate of Service**

### NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows:

Date:   7/7/17

Darrel L. Hopson No. 366725
Attorney for Debtor(s)
Darrel L. Hopson, P.C.
109 Stockbridge Road
P.O. Box 1034
Jonesboro, GA 30237
770-471-3868 Fax:770-818-5659
dlhopson@aol.com

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

Filed in Clerk's Office and
a true copy certified this
24 day of April, 2020
M. REGINA THOMAS, CLERK
By:
Deputy Clerk

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF GEORGIA

| Case number *(if known)* | 17-54050 |
| --- | --- |

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

■ Check if this an amended filing

## Official Form 101
## Voluntary Petition for Individuals Filing for Bankruptcy                12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Identify Yourself

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | Your full name | | |
|  | Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Lisa<br>First name<br><br>Chambers<br>Middle name<br><br>Gardner<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | All other names you have used in the last 8 years<br><br>Include your married or maiden names. | Mary Gardner<br>Mary Lisa Chambers | |
| 3. | Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN) | ▉▉▉▉ | |

Debtor 1    Lisa Chambers Gardner    Case number (if known)    17-54050

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years. Include trade names and *doing business as* names | ■ I have not used any business name or EINs. | ☐ I have not used any business name or EINs. |
| | Business name(s) | Business name(s) |
| | EINs | EINs |

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **5.** Where you live | **275 Butlers Bridge Drive** <br> **McDonough, GA 30252** <br> Number, Street, City, State & ZIP Code <br><br> Henry <br> County <br><br> If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address. <br><br> Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address: <br><br> Number, Street, City, State & ZIP Code <br><br> County <br><br> If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address. <br><br> Number, P.O. Box, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **6.** Why you are choosing *this district* to file for bankruptcy | *Check one:* <br> ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another *reason.* <br> Explain. (See 28 U.S.C. § 1408.) | *Check one:* <br> ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another *reason.* <br> Explain. (See 28 U.S.C. § 1408.) |

Debtor 1   Lisa Chambers Gardner                     Document     Page 4 of 25  Case number *(if known)*    17-54050

---

**Part 2:**    Tell the Court About Your Bankruptcy Case

| | | |
|---|---|---|
| 7. | The chapter of the Bankruptcy Code you are choosing to file under | *Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box. |

     ☐ Chapter 7

     ☐ Chapter 11

     ☐ Chapter 12

     ■ Chapter 13

---

| | | |
|---|---|---|
| 8. | How you will pay the fee | ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address. |
| | | ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A). |
| | | ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.) |

---

| | | |
|---|---|---|
| 9. | Have you filed for bankruptcy within the last 8 years? | ☐ No. |
| | | ■ Yes. |

| | District | Northern District of Georgia | When | 12/04/16 | Case number | 16-71585 |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |

---

| | | |
|---|---|---|
| 10. | Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate? | ■ No |
| | | ☐ Yes. |

| | Debtor | _____ | | | Relationship to you | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number, if known | _____ |
| | Debtor | _____ | | | Relationship to you | _____ |
| | District | _____ | When | _____ | Case number, if known | _____ |

---

| | | |
|---|---|---|
| 11. | Do you rent your residence? | ■ No.    Go to line 12. |
| | | ☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence? |

       ☐ No. Go to line 12.

       ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Case 17-54050-wlh Doc 63-1 Filed 06/18/17 Entered 06/18/20 12:47:04 of 26 Desc
Exhibit Defendants Motion to Dismiss    Page 77 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 5 of 25

Debtor 1    Lisa Chambers Gardner    Case number *(if known)*    17-54050

---

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
| --- | --- |

**12. Are you a sole proprietor of any full- or part-time business?**

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

Name of business, if any

_____

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

Number, Street, City, State & ZIP Code

_____

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
| --- | --- |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

Number, Street, City, State & Zip Code

---

Case 17-54050-wlh Doc 47 Filed 06/18/2017 Entered 06/08/20 12:47:04 of 26sc
Exhibit Defendants Motion to Dismiss    Page 78 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main

| Debtor 1 | Lisa Chambers Gardner | Document    Page 6 of 25 | Case number *(if known)* | 17-54050 |

---

**Part 5:**  Explain Your Efforts to Receive a Briefing About Credit Counseling

**About Debtor 1:**

**15.** **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Case 17-54050-wlh Doc 47 Filed 06/18/2017 Entered 06/03/20 12:47:04 of 26sc
Exhibit Defendants Motion to Dismiss    Page 79 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 7 of 25

Debtor 1    Lisa Chambers Gardner    Case number *(if known)*    17-54050

---

**Part 6:    Answer These Questions for Reporting Purposes**

| | | |
|---|---|---|
| 16. What kind of debts do you have? | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
| | | ■ No. Go to line 16b. |
| | | ☐ Yes. Go to line 17. |
| | 16b. | **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment. |
| | | ☐ No. Go to line 16c. |
| | | ■ Yes. Go to line 17. |
| | 16c. | State the type of debts you owe that are not consumer debts or business debts |

17. Are you filing under Chapter 7?    ■ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

18. How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

19. How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

20. How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**Part 7:    Sign Below**

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

*Lisa Chambers Gardner*
Lisa Chambers Gardner                        Signature of Debtor 2
Signature of Debtor 1

Executed on  07/07/2017                    Executed on
           MM / DD / YYYY                              MM / DD / YYYY

Debtor 1    Lisa Chambers Gardner _____    Case number *(if known)*    17-54050

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

_____    Date    07/07/2017
Signature of Attorney for Debtor                   MM / DD / YYYY

Darrel L. Hopson No. _____
Printed name

Darrel L. Hopson, P.C. _____
Firm name

109 Stockbridge Road
P.O. Box 1034
Jonesboro, GA 30237
Number, Street, City, State & ZIP Code

Contact phone    770-471-3868 _____    Email address    dlhopson@aol.com

366725 _____
Bar number & State

Case 1:20-cv-01843-VMC-RGV Filed 06/13/20 Page 10 of 26
Exhibit Defendants Motion to Dismiss   Page 81 of 159
Case 17-54050-wlh   Doc 47   Filed 07/13/17   Entered 07/13/17 13:12:36   Desc Main
Document   Page 9 of 25

B2030 (Form 2030) (12/15)

### United States Bankruptcy Court
#### Northern District of Georgia

In re   __Lisa Chambers Gardner__                                 Case No.   __17-54050__
                              Debtor(s)                            Chapter    __13__

### AMENDED DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | 4,500.00 |
    | Prior to the filing of this statement I have received | $ | 0.00 |
    | Balance Due | $ | 4,500.00 |

2.  $ __310.00__  of the filing fee has been paid.

3.  The source of the compensation paid to me was:
    ☑ Debtor        ☐ Other (specify):

4.  The source of compensation to be paid to me is:
    ☑ Debtor        ☐ Other (specify):

5.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A
    copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
        reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
        522(f)(2)(A) for avoidance of liens on household goods.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
    any other adversary proceeding.**

    **Non-base fees as follows:**

    **Motion to Retain Funds $450.00
    Amendment to Schedules $300.00
    Plan Modification $300.00
    Lien Avoidance $300.00
    Objection to Claim $350.00
    Resolving Motion for Relief from Stay $450.00
    Motion to Suspend or Excuse Plan Payments $350.00
    Motion to Sell Property $500.00
    Motion to Compromise Claim $500.00
    Application to Employ Professional $400.00
    Motion to Refinance Property or Motion to Incur Debt$500.00
    Resolving Motion to Dismiss$350.00
    Resolving Trustee's Request for Tax Returns$400.00
    Resolving Creditor or Trustee Motion to Modify Plan$150.00
    Motion to sever or Dismiss as to one joint Debtor$300.00
    Motion to Reopen or to Vacate Dismissal Order$500.00
    Motion to Reimpose Stay$500.00
    Adversary Proceedings$300.00/hr
    Miscellaneous Action$400.00**

In re    Lisa Chambers Gardner    Case No.    17-54050
_____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

If Client wishes to retain attorney to represent client in any adversary proceeding or appellate proceeding that arises in or is related to this case, client and attorney shall execute a separate contract setting forth the fee and scope of representation for that proceeding.

If the case is dismissed or converted to another chapter, Debtor directs the Trustee to pay agreed upon fees to debtor's attorney up to A) $2,000.00 if the case is dismissed or converted prior to confirmation of the plan, or B) the allowed fees upon conversion or dismissal after confirmation of the plan.

| CERTIFICATION |
|---|

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. Pursuant to General Order No. 9, I certify that I provided to the debtor(s) a copy of the "Rights and Responsibilities Statement Between Chapter 13 Debtors and Their Attorneys."

_____7/7/17_____
Date

_____
Darrel L. Hopson No. 366725
*Signature of Attorney*
Darrel L. Hopson, P.C.
109 Stockbridge Road
P.O. Box 1034
Jonesboro, GA 30237
770-471-3868    Fax: 770-471-1272
dlhopson@aol.com
*Name of law firm*

Date:    7/ 7/ 2017    Signature:    *Lisa Chambers Gardner*

Lisa Chambers Gardner
Debtor

Case 1:20-cv-01843-MBR-RGV Doc 06/18/20 7-5 Filed 06/18/20 Page 12 of 26 Desc
Exhibit Defendants Motion to Dismiss     Page 83 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main

**Fill in this information to identify your case and this filing.**

| | |
|---|---|
| Debtor 1 | **Lisa Chambers Gardner** |
| | First Name                Middle Name                Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number | 17-54050 |

■ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property                                            12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

1.1

| **275 Butler Bridge Drive** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|
| Street address, if available, or other description | ■ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | Current value of the     Current value of the |
| **McDonough    GA    30252-0000** | ☐ Land | entire property?         portion you own? |
| City        State     ZIP Code | ☐ Investment property | $345,000.00             $345,000.00 |
| | ☐ Timeshare | |
| | ☐ Other _____ | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property?** Check one | Fee simple |
| **Henry** | ☐ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | |
| | ■ At least one of the debtors and another | ☐ Check if this is community property (see instructions) |
| | Other information you wish to add about this item, such as local property identification number: | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 1:20-cv-01843-MHC Document 7-5 Filed 06/18/20 Page 84 of 159
Exhibit Defendants Motion to Dismiss    Page 84 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 12 of 25

Debtor 1    **Lisa Chambers Gardner**    Case number *(if known)*    **17-54050**

| | |
|---|---|
| 1.2 | **If you own or have more than one, list here:** |

**38.84 acres Henry County, Georgia**
Street address, if available, or other description

_____

_____

_____ _____ _____
City    State    ZIP Code

_____

_____
County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
■ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    **$150,000.00**
Current value of the portion you own?    **$150,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

---

| | |
|---|---|
| 1.3 | **If you own or have more than one, list here:** |

**1861 N. Hwy. 42**
Street address, if available, or other description

_____

_____

**Jackson**    **GA**    **30233-0000**
City    State    ZIP Code

_____

**Butts**
County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    **$220,000.00**
Current value of the portion you own?    **$220,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

---

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...................................=>    | **$715,000.00** |

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

Case 1:20-cv-01843-DLF Document 17-5 Filed 06/18/20 Page 104 of 126
Exhibit Defendants Motion to Dismiss    Page 85 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document      Page 13 of 25

Debtor 1    Lisa Chambers Gardner                                          Case number (if known)    17-54050

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: **Mercedes 230** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. |
| | Model: **230** | ■ Debtor 1 only | |
| | Year: **2013** | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Approximate mileage: **50,000.00** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | | ☐ Check if this is community property (see instructions) | $16,000.00          $16,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 4.1 | Make: **Seadoo** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. |
| | Model: **Jet Ski** | ■ Debtor 1 only | |
| | Year: **2007** | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| | Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | | ☐ At least one of the debtors and another | |
| | | ☐ Check if this is community property (see instructions) | $750.00          $750.00 |

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..................................................=>    $16,750.00

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?        Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
■ Yes. Describe.....

| Furniture & furnishings | $5,000.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
■ Yes. Describe.....

| TV | $200.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

Case 1:20-cv-01843-DLB-RGV Filed 06/18/20 Page 86 of 159
Exhibit Defendants Motion to Dismiss    Page 86 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 14 of 25

Debtor 1    Lisa Chambers Gardner      Case number *(if known)*   17-54050

**9. Equipment for sports and hobbies**
    *Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments*
    ■ No
    ☐ Yes. Describe.....

**10. Firearms**
    *Examples: Pistols, rifles, shotguns, ammunition, and related equipment*
    ■ No
    ☐ Yes. Describe.....

**11. Clothes**
    *Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories*
    ☐ No
    ■ Yes. Describe.....

| clothes | $200.00 |
|---|---|

**12. Jewelry**
    *Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver*
    ☐ No
    ■ Yes. Describe.....

| jewelry | $500.00 |
|---|---|

**13. Non-farm animals**
    *Examples: Dogs, cats, birds, horses*
    ☐ No
    ■ Yes. Describe.....

| misc cats & dogs | Unknown |
|---|---|

**14. Any other personal and household items you did not already list, including any health aids you did not list**
    ☐ No
    ■ Yes. Give specific information.....

| Leasehold improvements at 111 Forest Road., Jackson, GA 30233 | $100,000.00 |
|---|---|

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...................................................................... | **$105,900.00** |

**Part 4:**   Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?      Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
    *Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition*
    ■ No
    ☐ Yes.........................................................................................

**17. Deposits of money**
    *Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.*
    ☐ No
    ■ Yes........................      Institution name:

Debtor 1    Lisa Chambers Gardner                                Case number (if known)    17-54050

|  | 17.1. | Checking | Bank of America | | | $250.00 |
|---|---|---|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
  ☐ No
  ■ Yes...................    Institution or issuer name:

|  | Norfolk Southern stock | | | $5,000.00 |
|---|---|---|---|---|

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
  ☐ No
  ■ Yes. Give specific information about them....................
  Name of entity:                                % of ownership:

|  | Luella Veterinary Clinic, PC | 100 | % | $500.00 |
|---|---|---|---|---|

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
  *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
  *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
  ■ No
  ☐ Yes. Give specific information about them
            Issuer name:

**21. Retirement or pension accounts**
  *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
  ■ No
  ☐ Yes. List each account separately.
            Type of account:                Institution name:

**22. Security deposits and prepayments**
  Your share of all unused deposits you have made so that you may continue service or use from a company
  *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
  ■ No
  ☐ Yes. ....................                Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
  ■ No
  ☐ Yes.............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
  26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
  ■ No
  ☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
  ■ No
  ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
  *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
  ■ No
  ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
  *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
  ☐ No
  ■ Yes. Give specific information about them...

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Lisa Chambers Gardner**                                    Case number *(if known)*    **17-54050**

| Veterinary license | $1.00 |
|---|---|

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
- ■ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ■ No
- ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
- ■ No
- ☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ■ No
- ☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ■ No
- ☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
- ■ No
- ☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ■ No
- ☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**
- ■ No
- ☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here..................................................................................

| $5,751.00 |
|---|

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37.** Do you own or have any legal or equitable interest in any business-related property?
- ■ No. Go to Part 6.
- ☐ Yes. Go to line 38.

Debtor 1    Lisa Chambers Gardner                    Case number *(if known)*   17-54050

---

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   - ■ No. Go to Part 7.
   - ☐ Yes. Go to line 47.

---

**Part 7:**   Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   - ■ No
   - ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here ................................... | $0.00 |

---

**Part 8:**   List the Totals of Each Part of this Form

| | | | |
|---|---|---|---|
| 55. | Part 1: Total real estate, line 2 ........................................................................................ | | $715,000.00 |
| 56. | Part 2: Total vehicles, line 5 | $16,750.00 | |
| 57. | Part 3: Total personal and household items, line 15 | $105,900.00 | |
| 58. | Part 4: Total financial assets, line 36 | $5,751.00 | |
| 59. | Part 5: Total business-related property, line 45 | $0.00 | |
| 60. | Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. | Part 7: Total other property not listed, line 54                    + | $0.00 | |
| 62. | Total personal property. Add lines 56 through 61... | $128,401.00 | Copy personal property total    $128,401.00 |
| 63. | Total of all property on Schedule A/B. Add line 55 + line 62 | | $843,401.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Case 1:20-cv-01843-VMC Document 17-5 Filed 06/18/20 Page 90 of 159
Exhibit Defendants Motion to Dismiss Page 90 of 159
Case 17-54050-wlh Doc 47 Filed 07/13/17 Entered 07/13/17 13:12:36 Desc Main

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Lisa Chambers Gardner** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number | 17-54050 |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt
4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**   Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **38.84 acres Henry County, Georgia**<br>Line from *Schedule A/B:* **1.2** | $150,000.00 | ☑    $5,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(1) |
| **1861 N. Hwy. 42 Jackson, GA 30233 Butts County**<br>Line from *Schedule A/B:* **1.3** | $220,000.00 | ☑    $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **2007 Seadoo Jet Ski**<br>Line from *Schedule A/B:* **4.1** | $750.00 | ☑    $750.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **Furniture & furnishings**<br>Line from *Schedule A/B:* **6.1** | $5,000.00 | ☑    $5,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(4) |
| **TV**<br>Line from *Schedule A/B:* **7.1** | $200.00 | ☑    $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:20-cv-01843-DLC Document 17-5 Filed 06/13/20 Page 24 of 26
Case 17-54050-wlh Doc 47 Filed 06/18/20 Entered 06/13/20 12:47:04 Desc
Exhibit Defendants Motion to Dismiss    Page 91 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 19 of 25

Debtor 1    Lisa Chambers Gardner                                         Case number (if known)    17-54050

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br>Copy the value from Schedule A/B | Amount of the exemption you claim<br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| clothes<br>Line from Schedule A/B: 11.1 | $200.00 | ■ $200.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| jewelry<br>Line from Schedule A/B: 12.1 | $500.00 | ■ $500.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(5) |
| misc cats & dogs<br>Line from Schedule A/B: 13.1 | Unknown | ■ $0.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(4) |
| Leasehold improvements at 111 Forest Road., Jackson, GA 30233<br>Line from Schedule A/B: 14.1 | $100,000.00 | ■ $1.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| Checking: Bank of America<br>Line from Schedule A/B: 17.1 | $250.00 | ■ $250.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| Norfolk Southern stock<br>Line from Schedule A/B: 18.1 | $5,000.00 | ■ $5,000.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| Luella Veterinary Clinic, PC 100 % ownership<br>Line from Schedule A/B: 19.1 | $500.00 | ■ $500.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| Veterinary license<br>Line from Schedule A/B: 27.1 | $1.00 | ■ $1.00<br>□ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |

3.  Are you claiming a homestead exemption of more than $160,375?
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■ No
    □ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
        □ No
        □ Yes

Official Form 106C                  Schedule C: The Property You Claim as Exempt                  page 2 of 2

Case 1:20-cv-01843-VMC-RGV Document 107-5 Filed 06/18/20 Page 91 of 26
Exhibit Defendants Motion to Dismiss    Page 92 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Lisa Chambers Gardner |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number | 17-54050 |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | | Amount of claim
Do not deduct the value of collateral. | Value of collateral that supports this claim | Unsecured portion if any |

**2.1** | **Bank of America**
Creditor's Name

P.O. Box 31785
Tampa, FL 33631-3785
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred _____

| Describe the property that secures the claim: | $207,242.60 | $100,000.00 | $107,242.60 |

Leasehold improvements at 111 Forest Road., Jackson, GA 30233

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien. Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    mortgage

Last 4 digits of account number    5932

**2.2** | **Bank of America**
Creditor's Name

P.O. Box 31785
Tampa, FL 33631-3785
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred _____

| Describe the property that secures the claim: | $182,913.42 | $150,000.00 | $32,913.42 |

38.84 acres Henry County, Georgia

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien. Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number    5932

Official Form 106D                Schedule D: Creditors Who Have Claims Secured by Property                page 1 of 3

Debtor 1 __Lisa Chambers Gardner__     Case number (if known) __17-54050__
    First Name    Middle Name    Last Name

| 2.3 | CSC Logic, Inc. | Describe the property that secures the claim: | $17,453.62 | $16,000.00 | $1,453.62 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**
2013 Mercedes 230 230 50,000.00 miles

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

P.O. Box 650657
Dallas, TX 75265-0657
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Purchase Money Security

Date debt was incurred _____    Last 4 digits of account number __1001__

---

| 2.4 | Gigi L. Hoard | Describe the property that secures the claim: | $223,000.00 | $220,000.00 | $3,000.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**
1861 N. Hwy. 42 Jackson, GA 30233
Butts County

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

696 Wentworth Way
Griffin, GA 30224
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Mortgage

Date debt was incurred _____    Last 4 digits of account number _____

---

| 2.5 | Private Bank of Buckhead | Describe the property that secures the claim: | $406,441.07 | $345,000.00 | $61,441.07 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**
275 Butler Bridge Road
McDonough, GA 30252  Henry County
Creditor also has a judgment.

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

**Nature of lien.** Check all that apply.

3565 Piedmont Road
Building Tree, Suite 210
Atlanta, GA 30305
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

---

Case 1:20-cv-01843-DLC-RWL Document 7-5 Filed 06/13/20 Page 23 of 26
Exhibit Defendants Motion to Dismiss    Page 94 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 22 of 25

Debtor 1 __Lisa Chambers Gardner__    Case number (if known) __17-54050__
       First Name    Middle Name    Last Name

| 2.6 | **Private Bank of Buckhead** | Describe the property that secures the claim: | $95,767.85 | $345,000.00 | $95,767.85 |
|---|---|---|---|---|---|

Creditor's Name

285 Butler Bridge Road
McDonough, GA 30252  Henry
County
Creditor also has judgment.

c/o Jones & Walden, P.C.
21 Eighth St, NE
Atlanta, GA 30309

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

| 2.7 | **Private Bank of Buckhead** | Describe the property that secures the claim: | $888,921.39 | $0.00 | $888,921.39 |
|---|---|---|---|---|---|

Creditor's Name

All real and personal property
located in Henry County Georgia

c/o Jones & Walden, P.C.
21 Eighth St, NE
Atlanta, GA 30309

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    Includes amounts also secured by mortgages on 275 and 285 Butlers Bridge Drive

Date debt was incurred _____    Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:    $2,021,739.95
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:    $2,021,739.95

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:20-cv-01843-VMC Document 7-5 Filed 06/18/20 Page 24 of 26
Exhibit Defendants Motion to Dismiss    Page 95 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Lisa Chambers Gardner** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (if known) | 17-54050 |

■ Check if this is an amended filing

## Official Form 106Sum
### Summary of Your Assets and Liabilities and Certain Statistical Information        12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | | Your assets Value of what you own |
|---|---|---|
| 1. | Schedule A/B: Property (Official Form 106A/B) 1a. Copy line 55, Total real estate, from Schedule A/B................................................................. | $         715,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B..................................................... | $         128,401.00 |
| | 1c. Total of all property on Schedule A/B......................................................................................... | $         843,401.00 |

**Part 2:    Summarize Your Liabilities**

| | | Your liabilities Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $      2,021,739.95 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a.  Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $                 0.00 |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $           4,050.00 |
| | Your total liabilities | $      2,025,789.95 |

**Part 3:    Summarize Your Income and Expenses**

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*................................................. | $         12,934.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*...................................................... | $           5,941.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.  Are you filing for bankruptcy under Chapters 7, 11, or 13?
    ☐  No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.
    ■  Yes

7.  What kind of debt do you have?

    ☐  Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

    ■  Your debts are not primarily consumer debts. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum        Summary of Your Assets and Liabilities and Certain Statistical Information        page 1 of 2

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Case 1:24-cv-01843-VMB-RGV Filed 06/18/20 Page 25 of 26
Case 17-54050-wlh Doc 47-5 Entered 06/18/20 12:47:05 Desc
Exhibit Defendants Motion to Dismiss    Page 96 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 24 of 25

Debtor 1    **Lisa Chambers Gardner** _____    Case number (if known)    **17-54050**

8.    From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form
      122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.    $ _____

9.    Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| | Total claim |
|---|---|
| **From Part 4 on *Schedule E/F,* copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ _____ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ 0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:20-cv-01843-MLB-RGV Document 6-1 Filed 06/18/20 Page 26 of 26 Desc
Exhibit Defendants Motion to Dismiss    Page 97 of 159
Case 17-54050-wlh    Doc 47    Filed 07/13/17    Entered 07/13/17 13:12:36    Desc Main
Document    Page 25 of 25

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Lisa Chambers Gardner** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number | 17-54050 |
| (if known) | |

■ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice,*
*Declaration, and Signature (Official Form 119)*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _Lisa Chambers Gardner_    X _____
Lisa Chambers Gardner    Signature of Debtor 2
Signature of Debtor 1

Date  08/07/2017    Date _____

Official Form 106Dec    Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Filed in Clerk's Office and
a true copy certified this
24 day of April , 2020
M. REGINA THOMAS, CLERK

By: _____
Deputy Clerk

# EXHIBIT E

**DISCHARG, CLOSED**

# U.S. Bankruptcy Court
## Northern District of Georgia (Atlanta)
### Bankruptcy Petition #: 17-66923-pmb

|  |  |
|---|---|
| *Date filed:* | 09/29/2017 |
| *Date terminated:* | 02/22/2018 |
| *Debtor discharged:* | 01/12/2018 |
| *341 meeting:* | 12/04/2017 |
| *Deadline for Objecting to Discharge:* | 12/29/2017 |
| *Deadline for financial mgmt. course:* | 12/14/2017 |

*Assigned to:* Judge Paul Baisier
Chapter 7
Voluntary
No asset

*Debtor disposition:*  Standard Discharge

*Debtor*
**David A. Gardner, Jr.**
275 Butlers Bridge Dr.
McDonough, GA 30252
HENRY-GA
SSN / ITIN: xxx-xx-0009

represented by **Darrel L. Hopson**
Darrel L. Hopson, P.C.
109 Stockbridge Road
P. O. Box 1034
Jonesboro, GA 30237
(770) 471-3868
Fax : 770-818-5659
Email: dlhopson@aol.com

*Trustee*
**Kyle A. Cooper**
Greene & Cooper
120 Travertine Trail
Alpharetta, GA 30022
770-687-2982

*U.S. Trustee*
**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404-331-4437

Filed in Clerk's Office and
a true copy certified this
___ day of *April* , 20___
M. REGINA THOMAS, CLERK
By_____
Deputy Clerk

| Filing Date | # | Docket Text |
|---|---|---|
| 09/29/2017 | 🌑<u>1</u><br>(54 pgs) | Voluntary Petition (Chapter 7) for Individual(s) Fee $ 335, Filed by Darrel L. Hopson of Darrel L. Hopson, P.C. on behalf of David A. Gardner Jr.. Government Proof of Claim due by 3/28/2018. (Hopson, Darrel) |
|  | 🌑<u>2</u><br>(1 pg) | Statement of Social Security Number (Official Form B121) (Document is restricted and can only be viewed by Court staff.) filed by Darrel L. Hopson on behalf of David A. |

| | | |
|---|---|---|
| 09/29/2017 | | Gardner Jr.. (Hopson, Darrel) 🛈 |
| 09/29/2017 | 3 (1 pg) | Credit Counseling Service Certificate filed by Darrel L. Hopson on behalf of David A. Gardner Jr.. (Hopson, Darrel) 🛈 |
| 09/29/2017 | 4 (1 pg) | Payment Advices of Debtor, filed by Darrel L. Hopson on behalf of David A. Gardner Jr.. (Hopson, Darrel) Modified on 10/2/2017 (ttc). 🛈 |
| 09/29/2017 | 5 | Receipt of Initial Docs01: Voluntary Petition (Chapter 7) (17-66923) [misc,1011aty] ( 335.00) filing fee. Receipt Number 46013645. Fee Amount 335.00 (re: Doc# 1) (U.S. Treasury) |
| 09/29/2017 | 6 (2 pgs) | Notice of Meeting of Creditors (Chapter 7 - Individual - No Asset). 341 Meeting to be held on 10/30/2017 at 01:30 PM at Hearing Room 366, Atlanta. Objections for Discharge due by 12/29/2017. Financial Management Course due: 12/14/2017. (Admin.) |
| 10/02/2017 | 7 (8 pgs) | Motion to Avoid Lien with Private Bank of Buckhead FDIC #57764 as merged with National Bank of Commerce , *with Certificate of Service,* with Notice to Respond. Responses due in 21 days, plus an additional three days, if served by mail or otherwise allowed under FRBP 9006(f) filed by Darrel L. Hopson on behalf of David A. Gardner Jr.. (Hopson, Darrel) 🛈 |
| 10/02/2017 | 8 (116 pgs) | Emergency Motion for Relief from Stay Fee $ 181, filed by Matthew J. Tokajer on behalf of Private Bank of Buckhead. (Tokajer, Matthew) 🛈 |
| 10/02/2017 | 9 | Receipt of Motion for Relief from Stay(17-66923-pmb) [motion,185] ( 181.00) filing fee. Receipt Number 46043704. Fee Amount 181.00 (re: Doc# 8) (U.S. Treasury) |
| 10/02/2017 | 10 (9 pgs) | Motion for Expedited Hearing on *Emergency Motion to Lift Stay* filed by Matthew J. Tokajer on behalf of Private Bank of Buckhead. (related document(s)8) (Tokajer, Matthew) Modified on 10/4/2017 (kys). |
| | 11 (2 pgs) | Order and Notice of Hearing on Emergency Motion for Stay Relief. Service by BNC. Entered on 10/2/2017. Hearing to be held on 10/3/2017 at 09:30 AM in Courtroom 1202, Atlanta. (related document(s)8, 10) |

| 10/02/2017 | | (amm) |
|---|---|---|
| 10/02/2017 | 🔴 12 (2 pgs) | Certificate of Service filed by Matthew J. Tokajer on behalf of Private Bank of Buckhead. (related document(s) 11) (Tokajer, Matthew) 🛈 |
| 10/03/2017 | 🔴 13 (3 pgs) | Order GRANTING Emergency Motion for Relief from Stay of Private Bank of Buckhead. (Related Doc # 8) Service by BNC. Entered on 10/3/2017. (rf) 🛈 |
| 10/04/2017 | 🔴 14 (3 pgs) | Certificate of Mailing by BNC of Notice of Meeting of Creditors Notice Date 10/04/2017. (Admin.) (Entered: 10/05/2017) |
| 10/04/2017 | 🔴 15 (3 pgs) | Certificate of Mailing by BNC of Order and Notice Notice Date 10/04/2017. (Admin.) (Entered: 10/05/2017) |
| 10/05/2017 | 🔴 16 (1 pg) | Notice of Leave of Absence for November 13-17, 2017, November 20-22, 2017 and November 27-December 1, 2017 filed by Darrel L. Hopson on behalf of the Debtor(s). (ngs) |
| 10/05/2017 | 🔴 17 (4 pgs) | Certificate of Mailing by BNC of Order on Motion for Relief from Stay Notice Date 10/05/2017. (Admin.) (Entered: 10/06/2017) |
| 10/23/2017 | 🔴 18 (4 pgs) | Objection *and Response to Debtor's Motion to Avoid Lien* filed by Leon S. Jones on behalf of Private Bank of Buckhead. (related document(s)7) (Jones, Leon) 🛈 |
| 10/25/2017 | 🔴 19 (2 pgs) | Order and Notice of Hearing on Debtor's Motion to Avoid Judicial Lien. Service by BNC. Entered on 10/25/2017. Hearing to be held on 11/7/2017 at 09:30 AM in Courtroom 1202, Atlanta, (related document(s)7) (jlc) |
| 10/26/2017 | 🔴 20 (1 pg) | Personal Financial Management Course Certificate For Debtor filed by Darrel L. Hopson on behalf of David A. Gardner Jr.. (related document(s)6) (Hopson, Darrel) 🛈 |
| 10/27/2017 | 🔴 21 (3 pgs) | Certificate of Mailing by BNC of Order and Notice Notice Date 10/27/2017. (Admin.) (Entered: 10/28/2017) |
| 10/30/2017 | 🔴 | Section 341(a) meeting held but continued for production of identification 341 Meeting to be held on 12/4/2017 at 03:30 PM in Hearing Room 366, Atlanta. (hd) (Entered: 11/08/2017) |

| | | |
|---|---|---|
| 11/02/2017 | ◯ | The meeting of creditors was continued because debtor(s) failed to provide required identification. Prior to the date of the continued meeting, the debtor(s) produced the required identification at the Office of the United States Trustee. Accordingly, the debtor(s) need not appear at the continued meeting. The trustee will conclude the meeting. Filed by Office of the United States Trustee. (Office of the United States Trustee) |
| 11/02/2017 | ◯ | Chapter 7 Trustee's Report of No Distribution: I, Kyle A. Cooper, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered.. I request that I be discharged from any further duties as trustee. No party in interest has filed a request for an order of dismissal pursuant to 11 USC 521(i) (2).. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 477495.00, Assets Exempt: $ 14155.00, Claims Scheduled: $ 1932459.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1932459.00. (Cooper, Kyle) ❶ |
| 11/02/2017 | ◯ 22 (3 pgs) | Notice Rescheduling Hearing Filed by Matthew J. Tokajer on behalf of Private Bank of Buckhead. Hearing to be held on 12/18/2017 at 02:00 PM in Courtroom 1202, Atlanta, (related document(s)7, 18)(Tokajer, Matthew) ❶ |
| | ◯ 23 | Because no party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. 521(i)(2) and because the parties in interest should not be subjected to any uncertainty as to whether this case is subject to automatic dismissal under 521(i)(1), Debtor is not required to file any further document pursuant to 521(a)(1)(B) to avoid an automatic dismissal and this case is not and was not subject to automatic dismissal under 521(i)(1). This does not prevent any party in interest from requesting by motion that Debtor supply further information described in 521(a) (1)(B), and this does not prevent the United States Trustee or Chapter 7 Trustee from requesting by any authorized |

Case 17-52050-wlh Doc 34 Filed 06/18/2017 Entered 06/18/2012 14:04:06 Desc
Georgia Northern Bankruptcy Main Document Page 103 of 159          Page 5 of 6
Exhibit Defendants Motion to Dismiss     Page 103 of 159

| 11/06/2017 | | means, including but not limited to motion, that the Debtor supply further information. (ADIclerk) 🛈 |
|---|---|---|
| 11/28/2017 | 🔘 <u>24</u><br>(4 pgs) | Motion to Extend Time to File Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523 filed by Matthew J. Tokajer on behalf of Private Bank of Buckhead. Hearing to be held on 12/18/2017 at 02:00 PM in Courtroom 1202, Atlanta, (Tokajer, Matthew) 🛈 |
| 12/04/2017 | 🔘 | Continued section 341(a) meeting was concluded (er) (Entered: 01/12/2018) |
| 12/06/2017 | 🔘 <u>25</u><br>(16 pgs) | Reaffirmation Agreement With Debtor filed by CarMax Auto Finance. (CarMax Auto Finance) No hearing required. Modified on 12/7/2017 (rhg). 🛈 |
| 12/15/2017 | 🔘 <u>26</u><br>(4 pgs) | Notice Rescheduling Hearing *with Certificate of Service* Filed by Darrel L. Hopson on behalf of David A. Gardner Jr.. Hearing to be held on 2/5/2018 at 02:00 PM in Courtroom 1202, Atlanta, Georgia. (related document(s) <u>7</u>]) (Hopson, Darrel) Modified on 12/18/2017 (skw). 🛈 |
| 12/17/2017 | 🔘 <u>27</u><br>(4 pgs) | Amended Notice Rescheduling Hearing *with Consent and Certificate of Service* Filed by Darrel L. Hopson on behalf of David A. Gardner Jr.. Hearing to be held on 2/5/2018 at 2:00 pm, Courtroom 1202, Atlanta. (related document(s)<u>7</u>, <u>18</u>, <u>22</u>, <u>26</u>)(Hopson, Darrel) Modified on 12/18/2017 (amm). 🛈 |
| 12/28/2017 | 🔘 <u>28</u><br>(2 pgs) | Consent Order on Motion to Extend Time to File Complaint to Determine Dischargeability of Debt. Objection deadline is extended through and including February 15, 2018.(Related Doc # <u>24</u>) Service by BNC. Entered on 12/28/2017. (kkp) |
| 12/30/2017 | 🔘 <u>29</u><br>(3 pgs) | Certificate of Mailing by BNC of Order on Motion to Extend Time Notice Date 12/30/2017. (Admin.) (Entered: 12/31/2017) |
| 01/12/2018 | 🔘 <u>30</u><br>(2 pgs) | Order Discharging Chapter 7 Debtor. Service by BNC (er) 🛈 |
| 01/14/2018 | 🔘 <u>31</u><br>(3 pgs) | Certificate of Mailing by BNC of Order Discharging Debtor. Notice Date 01/14/2018. (Admin.) (Entered: 01/15/2018) |
| | 🔘 <u>32</u> | Withdrawal of Document *with certificate of service* filed |

| 02/04/2018 | (4 pgs) | by Darrel L. Hopson on behalf of David A. Gardner Jr.. (related document(s)7) (Hopson, Darrel) 🛈 |
| 02/22/2018 | 33 (1 pg) | Order Approving Account, Discharging Trustee and Closing Estate. Service by BNC (er) |
| 02/22/2018 | | Case Closed (er) |
| 02/24/2018 | 34 (2 pgs) | Certificate of Mailing by BNC of Order Closing Estate Notice Date 02/24/2018. (Admin.) (Entered: 02/25/2018) |

Filed in Clerk's Office and
a true copy certified this
24 day of April , 2020
M. REGINA THOMAS, CLERK

By: _____
Deputy Clerk

# EXHIBIT F

Case 1:20-cv-01843-WMR-RGV File 06/08/2017 Entered 06/08/20 12:47:02 of 55sc
Exhibit Defendants Motion to Dismiss    Page 106 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 1 of 54

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF GEORGIA

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

## Official Form 101
## Voluntary Petition for Individuals Filing for Bankruptcy                    12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1.  Your full name** | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or  passport). | **David**<br>First name<br><br>**A.**<br>Middle name | First name<br><br><br>Middle name |
| Bring your picture identification to your meeting with the trustee. | **Gardner, Jr.**<br>Last name and Suffix (Sr., Jr., II, III) | Last name and Suffix (Sr., Jr., II, III) |
| **2.  All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| **3.  Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | | |

Filed in Clerk's Office and
a true copy certified this
24 day of April , 2020
M. REGINA THOMAS, CLERK
By: _____
Deputy Clerk

| Debtor 1 | **David A. Gardner, Jr.** | | Case number *(if known)* | |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **4.** | **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs |

| | | | If Debtor 2 lives at a different address: |
|---|---|---|---|
| **5.** | **Where you live** | **275 Butlers Bridge Dr.**<br>**McDonough, GA 30252**<br>Number, Street, City, State & ZIP Code<br><br>**Henry**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | _____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |

| | | | |
|---|---|---|---|
| **6.** | **Why you are choosing** *this district* **to file for bankruptcy** | Check one:<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ | Check one:<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ |

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 3 of 54

Debtor 1    David A. Gardner, Jr. _____    Case number (if known) _____

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.**  **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8.**  **How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.**  **Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.**  **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11.**  **Do you rent your residence?**

- ■ No.    Go to line 12.
- ☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

    - ☐    No. Go to line 12.
    - ☐    Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Case 1:20-cv-01843-WMR Filed 06/18/21 Entered 06/03/20 12:47:04 Desc
Exhibit Defendants Motion to Dismiss    Page 109 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 4 of 54

Debtor 1   David A. Gardner, Jr.                                                    Case number *(if known)*

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12.** Are you a sole proprietor of any full- or part-time business?

☐ No.    Go to Part 4.

☐ Yes.    Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

**CCPS**
Name of business, if any

**275 Butlers Bridge Dr.**
**McDonough, GA 30252**
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

■   None of the above

**13.** Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor?*

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14.** Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

Number, Street, City, State & Zip Code

Case 1:20-cv-01843-WMR-RGV Document 18-2 Filed 06/08/20 Page 110 of 159
Exhibit Defendants Motion to Dismiss    Page 110 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 5 of 54

Debtor 1    David A. Gardner, Jr.

Case number *(if known)* _____

| **Part 5:** | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

|  |  |  |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | **About Debtor 1:**<br>*You must check one:*<br><br>☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. | **About Debtor 2 (Spouse Only in a Joint Case):**<br>*You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. |
|  | ☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | ☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Case 1:20-cv-01843-WMR-RGV Document 10-7 Filed 06/03/20 Page 111 of 159
Case 17-66923-pmb Doc 1 Filed 09/29/17 Entered 09/29/17 10:57:38 Desc Exhibit Defendants Motion to Dismiss
Document Page 6 of 54

Debtor 1    David A. Gardner, Jr.                                    Case number *(if known)* _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a.**  **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

**16b.**  **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
■ Yes. Go to line 17.

**16c.**  State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

☐ No.    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No
☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ David A. Gardner, Jr.**
_____          _____
David A. Gardner, Jr.                                    Signature of Debtor 2
Signature of Debtor 1

Executed on   **September 29, 2017**                 Executed on  _____
              MM / DD / YYYY                                       MM / DD / YYYY

Case 1:20-cv-01843-WMR-RGV   Document 1-6   Filed 06/18/20   Page 112 of 159

Case 17-66923-pmb   Doc 1   Filed 09/29/17   Entered 06/03/20 12:47:04   Desc
Exhibit Defendants Motion to Dismiss   Page 112 of 159

Case 17-66923-pmb   Doc 1   Filed 09/29/17   Entered 09/29/17 10:57:38   Desc Main
Document   Page 7 of 54

Debtor 1    **David A. Gardner, Jr.** _____     Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Darrel L. Hopson No.** _____     Date     **September 29, 2017** _____
Signature of Attorney for Debtor                                 MM / DD / YYYY

**Darrel L. Hopson No.** _____
Printed name

**Darrel L. Hopson, P.C.** _____
Firm name

**109 Stockbridge Road**
**P.O. Box 1034**
**Jonesboro, GA 30237** _____
Number, Street, City, State & ZIP Code

Contact phone   **770-471-3868** _____     Email address     **dlhopson@aol.com** _____

**366725** _____
Bar number & State

---

Case 1:20-cv-01843-WMR-RGV   Document 18-1   Filed 06/03/20   Page 114 of 55
Exhibit Defendants Motion to Dismiss   Page 113 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 8 of 54

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **David A. Gardner, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
   amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                                4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.   **What is your current marital status?**

☑ Married
☐ Not married

2.   **During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $700.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Case 1:20-cv-01843-DMR Document 16-7 Filed 06/18/20 Page 114 of 159
Exhibit Defendants Motion to Dismiss    Page 114 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 9 of 54

Debtor 1    **David A. Gardner, Jr.**                                    Case number *(if known)*

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and<br>exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2016 ) | ☐ Wages, commissions,<br>bonuses, tips | $1,000.00 | ☐ Wages, commissions,<br>bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2015 ) | ☐ Wages, commissions,<br>bonuses, tips | $1,000.00 | ☐ Wages, commissions,<br>bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ■ No
   ☐ Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| **Sources of income**<br>Describe below. | **Gross income from<br>each source**<br>(before deductions and<br>exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions<br>and exclusions) |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
   ■ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
   ■ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ☐ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount<br>paid | Amount you<br>still owe | Was this payment for ... |
|---|---|---|---|---|

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 10 of 54

Debtor 1    **David A. Gardner, Jr.**    _____    Case number *(if known)*    _____

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:** | **Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Private Bank of Buckhead vs David A. Gardner, Jr., et al SUCV2012004498 | Collection | Henry Superior | ■ Pending ☐ On appeal ☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
■ No
☐ Yes

Case 1:20-cv-01843-DLC Document 17-7 Filed 06/18/20 Page 116 of 159
Exhibit Defendants Motion to Dismiss   Page 116 of 159
Case 17-66923-pmb   Doc 1   Filed 09/29/17   Entered 09/29/17 10:57:38   Desc Main
Document   Page 11 of 54

Debtor 1   **David A. Gardner, Jr.**                                          Case number *(if known)*

---

**Part 5:**   **List Certain Gifts and Contributions**

13.  **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
- ☑ No
- ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| **Person to Whom You Gave the Gift and Address:** | | | |

14.  **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
- ☑ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| **Charity's Name** | | | |
| **Address** (Number, Street, City, State and ZIP Code) | | | |

**Part 6:**   **List Certain Losses**

15.  **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**
- ☑ No
- ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

**Part 7:**   **List Certain Payments or Transfers**

16.  **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.
- ☐ No
- ☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, If Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Darrel L. Hopson, P.C.<br>109 Stockbridge Road<br>P.O. Box 1034<br>Jonesboro, GA 30237<br>dlhopson@aol.com | Filing Fees | 9/2017 | $335.00 |
| Debthelper | | 9/2017 | $24.00 |

17.  **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.
- ☑ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

---

Debtor 1    **David A. Gardner, Jr.**                                                                   Case number *(if known)*

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
    Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.
    ☐ No
    ■ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Person's relationship to you** | | | |
| **Lawrence and Taylor Gardner** same as debtor McDonough, GA 30252 | **38.84 acres** $150,000.00 | | 10/2015 and transferred back to debtor and spouse 2/2017 |
| Sons | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)
    ■ No
    ☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

| **Part 8:** | List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units |
|---|---|

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
    Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.
    ■ No
    ☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**
    ■ No
    ☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**
    ■ No
    ☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document        Page 13 of 54

Debtor 1    **David A. Gardner, Jr.**                                    Case number *(if known)*

---

**Part 9:** Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust
for someone.

■ No
☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:** Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or
toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or
regulations controlling the cleanup of these substances, wastes, or material.
- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used
to own, operate, or utilize it, including disposal sites.
- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance,
hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|

**Part 11:** Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

---

Official Form 107          Statement of Financial Affairs for Individuals Filing for Bankruptcy          page 6

Case 1:20-cv-01843-VMR-RGV Doc 06/18/207 Entered 06/18/20 12:47:05 of 55
Exhibit Defendants Motion to Dismiss    Page 119 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 14 of 54

Debtor 1    David A. Gardner, Jr.                                                     Case number *(if known)*

---

☐ No. None of the above applies. Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| CCPS<br>275 Butlers Bridge Dr.<br>McDonough, GA 30252 | Animal Cremation | EIN:<br><br>From-To    2003-2017 |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☑ No

☐ Yes. Fill in the details below.

Name                                        Date Issued
Address
(Number, Street, City, State and ZIP Code)

---

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ David A. Gardner, Jr.
David A. Gardner, Jr.                                        Signature of Debtor 2
Signature of Debtor 1

Date    September 29, 2017                                   Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

| Fill in this information to identify your case and this filing: |
| --- |

| Debtor 1 | **David A. Gardner, Jr.** | | |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In |
| --- | --- |

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

1.1

**Butlers Bridge Dr.**
Street address, if available, or other description

McDonough    GA    30252-0000
City        State    ZIP Code

**Henry**
County

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
■ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

38.84 acres

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| $150,000.00 | $75,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document      Page 16 of 54

Debtor 1    **David A. Gardner, Jr.**                                                           Case number *(if known)* _____

**1.2** | If you own or have more than one, list here:

**285 Butlers Bridge Dr.**
_____
Street address, if available, or other description

**McDonough**      **GA**    **30252-0000**
_____
City                State    ZIP Code

**Henry**
_____
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$160,000.00** | **$160,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

- ☐ Check if this is community property (see instructions)

---

**1.3** | If you own or have more than one, list here:

**275 Butlers Bridge Dr.**
_____
Street address, if available, or other description

**McDonough**      **GA**    **30252-0000**
_____
City                State    ZIP Code

**Henry**
_____
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$345,000.00** | **$172,500.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

- ☐ Check if this is community property (see instructions)

---

**2.** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................=> | **$407,500.00**

**Part 2:**  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Case 1:20-cv-01843-DLM-R4GV  Doc 06/18/20 7  Entered 06/18/20 12:47:04  of 55
Exhibit Defendants Motion to Dismiss    Page 122 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document      Page 17 of 54

Debtor 1   **David A. Gardner, Jr.**                    Case number *(if known)* _____

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| | | |
|---|---|---|
| **3.1** Make: **Dodge** | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: **Ram** | ☐ Debtor 1 only | |
| Year: **2012** | ☐ Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| Approximate mileage: **69000** | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property | **$15,000.00**    **$15,000.00** |
| | (see instructions) | |

| | | |
|---|---|---|
| **3.2** Make: **Dodge** | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: **Ram** | ☐ Debtor 1 only | |
| Year: **2010** | ☐ Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| Approximate mileage: **98000** | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ■ At least one of the debtors and another | |
| | ☐ Check if this is community property | **$10,000.00**    **$5,000.00** |
| | (see instructions) | |

| | | |
|---|---|---|
| **3.3** Make: **Kubota** | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: **Tractor** | ☐ Debtor 1 only | |
| Year: **2004** | ☐ Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| Approximate mileage: | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property | **$5,000.00**    **$5,000.00** |
| | (see instructions) | |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

| | |
|---|---|
| **5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................=> | **$25,000.00** |

**Part 3:**   Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?        **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

■ Yes. Describe.....

| | |
|---|---|
| household furishings | **$2,500.00** |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 18 of 54

Debtor 1    David A. Gardner, Jr. _____    Case number *(if known)* _____

| | |
|---|---|
| ■ Yes. Describe..... | |
| TV | $200.00 |

**8. Collectibles of value**
  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
  other collections, memorabilia, collectibles
  ■ No
  ☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
  *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
  musical instruments
  ■ No
  ☐ Yes. Describe.....

**10. Firearms**
  *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
  ☐ No
  ■ Yes. Describe.....

| | |
|---|---|
| 1 pistol, 1 shotgun, 1 rifle | $1,000.00 |

**11. Clothes**
  *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
  ☐ No
  ■ Yes. Describe.....

| | |
|---|---|
| clothes | $200.00 |

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
  ■ No
  ☐ Yes. Describe.....

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ☐ No
  ■ Yes. Describe.....

| | |
|---|---|
| misc cats & dogs | Unknown |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ☐ No
  ■ Yes. Give specific information.....

| | |
|---|---|
| leasehold improvements III Forest Rd. Jackson, GA 30233 | $50,000.00 |

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ......................................................................................

| |
|---|
| $53,900.00 |

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

Debtor 1    **David A. Gardner, Jr.**                                                         Case number *(if known)* _____

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes.............................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes.....................................    Institution name:

|  |  |  |  |
|---|---|---|---|
| 17.1. |  | **Heritage Bank checking** | $250.00 |
| 17.2. | **Checking** | **Hamilton Bank business** | $1,000.00 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes..................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
    joint venture**
    ■ No
    ☐ Yes.  Give specific information about them....................    Name of entity:                     % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
           Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
           Type of account:          Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. .....................    Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes.............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No

Debtor 1 __David A. Gardner, Jr._____     Case number *(if known)* _____

☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
   benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes. Give specific information..

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
       Company name:                    Beneficiary:              Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
   someone has died.
   ■ No
   ☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ☐ No
   ■ Yes.  Describe each claim.........

   | possible claim agianst Private Bank of Buckhead |                    Unknown

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**
   ■ No
   ☐ Yes.  Give specific information..

**36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
   for Part 4. Write that number here....................................................................................................**          | $1,250.00 |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

Debtor 1    David A. Gardner, Jr.                                          Case number *(if known)* _____

37.  **Do you own or have any legal or equitable interest in any business-related property?**
☐ No. Go to Part 6.
☑ Yes.  Go to line 38.

**Current value of the
portion you own?**
Do not deduct secured
claims or exemptions.

38.  **Accounts receivable or commissions you already earned**
☑ No
☐ Yes.  Describe.....

39.  **Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☑ No
☐ Yes.  Describe.....

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
☐ No
☑ Yes.  Describe.....

| tools, etc | $3,500.00 |
|---|---|
| Misc tools, etc. | $500.00 |

41.  **Inventory**
☑ No
☐ Yes.  Describe.....

42.  **Interests in partnerships or joint ventures**
☑ No
☐ Yes.  Give specific information about them...................
Name of entity:                         % of ownership:

43.  **Customer lists, mailing lists, or other compilations**
☑ No.
☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

☑ No
☐ Yes.  Describe.....

44.  **Any business-related property you did not already list**
☑ No
☐ Yes. Give specific information.........

45.  **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here.......................................................................................................**          $4,000.00

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
☑ No. Go to Part 7.

Official Form 106A/B                         Schedule A/B: Property                                    page 7

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 22 of 54

Debtor 1    David A. Gardner, Jr.                                              Case number (if known) _____

☐ Yes. Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---------|---------------------------------------------------------------------------------|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................    $0.00

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

55. **Part 1: Total real estate, line 2** ..........................................................................................................    $407,500.00

56. **Part 2: Total vehicles, line 5**                                            $25,000.00

57. **Part 3: Total personal and household items, line 15**                       $53,900.00

58. **Part 4: Total financial assets, line 36**                                   $1,250.00

59. **Part 5: Total business-related property, line 45**                          $4,000.00

60. **Part 6: Total farm- and fishing-related property, line 52**                 $0.00

61. **Part 7: Total other property not listed, line 54**                     +    $0.00

62. **Total personal property. Add lines 56 through 61...**        $84,150.00    Copy personal property total    $84,150.00

63. **Total of all property on Schedule A/B. Add line 55 + line 62**              $491,650.00

---

Official Form 106A/B                         Schedule A/B: Property                                page 8

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.    11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.    11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Butlers Bridge Dr. McDonough, GA 30252  Henry County**<br>**38.84 acres**<br>Line from *Schedule A/B*: **1.1** | $75,000.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **285 Butlers Bridge Dr. McDonough, GA 30252  Henry County**<br>Line from *Schedule A/B*: **1.2** | $160,000.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(1) |
| **2012 Dodge Ram 69000 miles**<br>Line from *Schedule A/B*: **3.1** | $15,000.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(3) |
| **2010 Dodge Ram 98000 miles**<br>Line from *Schedule A/B*: **3.2** | $5,000.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(3) |
| **2004 Kubota Tractor**<br>Line from *Schedule A/B*: **3.3** | $5,000.00 | ■ $4,998.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(3) |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 24 of 54

| Debtor 1 | **David A. Gardner, Jr.** | | Case number (if known) |
|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2004 Kubota Tractor**<br>Line from *Schedule A/B*: **3.3** | $5,000.00 | ■ $2.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **household furishings**<br>Line from *Schedule A/B*: **6.1** | $2,500.00 | ■ $2,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(4) |
| **TV**<br>Line from *Schedule A/B*: **7.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(4) |
| **1 pistol, 1 shotgun, 1 rifle**<br>Line from *Schedule A/B*: **10.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **clothes**<br>Line from *Schedule A/B*: **11.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(4) |
| **misc cats & dogs**<br>Line from *Schedule A/B*: **13.1** | Unknown | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(4) |
| **leasehold improvements lll Forest Rd. Jackson, GA 30233**<br>Line from *Schedule A/B*: **14.1** | $50,000.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **Heritage Bank checking**<br>Line from *Schedule A/B*: **17.1** | $250.00 | ■ $250.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **Checking: Hamilton Bank business**<br>Line from *Schedule A/B*: **17.2** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **possible claim agianst Private Bank of Buckhead**<br>Line from *Schedule A/B*: **33.1** | Unknown | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. §§ 34-9-84, 49-4-84 |
| **tools, etc**<br>Line from *Schedule A/B*: **40.1** | $3,500.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |
| **tools, etc**<br>Line from *Schedule A/B*: **40.1** | $3,500.00 | ■ $1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(7) |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **David A. Gardner, Jr.**                                                                    Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Misc tools, etc.**<br>Line from *Schedule A/B*: **40.2** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | O.C.G.A. § 44-13-100(a)(6) |

3.  **Are you claiming a homestead exemption of more than $160,375?**
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■ No

    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐ No

        ☐ Yes

Case 1:20-cv-01843-DLB-RGV Filed 06/18/20 7 Entered 06/13/20 12:47:04 of 55c
Exhibit Defendants Motion to Dismiss     Page 131 of 159

Case 17-66923-pmb     Doc 1     Filed 09/29/17     Entered 09/29/17 10:57:38     Desc Main
Document     Page 26 of 54

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**
☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
■ Yes. Fill in all of the information below.

### Part 1:     List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion if any |
|---|---|---|---|---|
| **2.1** Ally Auto<br>Creditor's Name<br><br>P.O. Box 380901<br>Minneapolis, MN 55438<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>**2010 Dodge Ram 98000 miles** | **$10,300.00** | **$10,000.00** | **$300.00** |

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)     **Purchase Money Security**

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred _____     Last 4 digits of account number     6079

| **2.2** Bank of America<br>Creditor's Name<br><br>P.O. Box 31785<br>Tampa, FL 33631-3785<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>**Butlers Bridge Dr. McDonough, GA 30252  Henry County 38.84 acres** | $182,913.00 | $150,000.00 | $32,913.00 |

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)     **First Mortgage**

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Date debt was incurred _____     Last 4 digits of account number _____

| Official Form 106D | Schedule D: Creditors Who Have Claims Secured by Property | page 1 of 4 |
|---|---|---|

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 27 of 54

Debtor 1    **David A. Gardner, Jr.**                                             Case number (if know) _____
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
First Name    Middle Name    Last Name

| 2.3 | **Bank of America** | Describe the property that secures the claim: | $207,242.00 | $100,000.00 | $107,242.00 |
|---|---|---|---|---|---|

Creditor's Name

leasehold improvements III Forest Rd. Jackson, GA 30233

P.O. Box 31785
Tampa, FL 33631-3785
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred _____    Last 4 digits of account number _____

| 2.4 | **Car Max** | Describe the property that secures the claim: | $17,000.00 | $15,000.00 | $2,000.00 |
|---|---|---|---|---|---|

Creditor's Name

2012 Dodge Ram 69000 miles

P.O. Box 440609
Kennesaw, GA 30160
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Purchase Money Security**

Date debt was incurred _____    Last 4 digits of account number _____

| 2.5 | **Ga. Dept. of Rev.** | Describe the property that secures the claim: | $117,974.00 | $345,000.00 | $117,974.00 |
|---|---|---|---|---|---|

Creditor's Name

275 Butlers Bridge Dr. McDonough, GA 30252  Henry County

P.O. Box 740387
Atlanta, GA 30374-0387
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
■ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Date debt was incurred _____    Last 4 digits of account number _____

| 2.6 | **Private Bank of Buckhead** | Describe the property that secures the claim: | $95,767.00 | $160,000.00 | $0.00 |
|---|---|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

Case 1:20-cv-01843-DWMR4RGVFiled 06/13/207-7Filed 06/13/20 12:29 of 55sc
Exhibit Defendants Motion to Dismiss    Page 133 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 28 of 54

Debtor 1    **David A. Gardner, Jr.**
First Name      Middle Name      Last Name

Case number (if know) _____

| | |
|---|---|
| Creditor's Name | **285 Butlers Bridge Dr. McDonough, GA 30252  Henry County** |
| **3565 Piedmont Rd. Building Three, Ste 210 Atlanta, GA 30305** | **As of the date you file, the claim is:** Check all that apply. |
| Number, Street, City, State & Zip Code | ☐ Contingent ☐ Unliquidated ☐ Disputed |

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Mortgage**

Date debt was incurred _____    Last 4 digits of account number _____

---

| 2.7 | **Private Bank of Buckhead** | Describe the property that secures the claim: | $406,441.00 | $345,000.00 | $61,441.00 |
|---|---|---|---|---|---|

Creditor's Name

**3565 Piedmont Road Building Three, Suite 210 Atlanta, GA 30305**
Number, Street, City, State & Zip Code

**275 Butlers Bridge Dr. McDonough, GA 30252  Henry County**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Mortgage**

Date debt was incurred _____    Last 4 digits of account number _____

---

| 2.8 | **Private Bank of Buckhead** | Describe the property that secures the claim: | $888,922.00 | Unknown | Unknown |
|---|---|---|---|---|---|

Creditor's Name

**c/o Jones & Walden, P.C. 21 Eighth SE, NE Atlanta, GA 30309**
Number, Street, City, State & Zip Code

**includes amounts owed on 275 and 285 Butler Bridge Dr., McDonough, GA**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

---

Add the dollar value of your entries in Column A on this page. Write that number here:    | $1,926,559.00 |
If this is the last page of your form, add the dollar value totals from all pages.    | $1,926,559.00 |

Case 1:20-cv-01843-DLB Document 106-18/207-7 Filed 06/13/20 Page 34 of 55
Exhibit Defendants Motion to Dismiss    Page 134 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 29 of 54

Debtor 1    **David A. Gardner, Jr.**

First Name        Middle Name        Last Name

Case number (if know) _____

Write that number here: _____

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
| --- | --- |

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐   Name, Number, Street, City, State & Zip Code
**Private Bank of Buckhead**
**c/o Jones & Walden, P.C.**
**21 Eighth SE, NE**
**Atlanta, GA 30309**

On which line in Part 1 did you enter the creditor?  **2.6**

Last 4 digits of account number ___

☐   Name, Number, Street, City, State & Zip Code
**Private Bank of Buckhead**
**c/o Jones & Walden, P.C.**
**21 Eighth SE, NE**
**Atlanta, GA 30309**

On which line in Part 1 did you enter the creditor?  **2.7**

Last 4 digits of account number ___

☐   Name, Number, Street, City, State & Zip Code
**Private Bank of Buckhead**
**3565 Piedmont Road**
**Building Three, Suite 210**
**Atlanta, GA 30305**

On which line in Part 1 did you enter the creditor?  **2.8**

Last 4 digits of account number ___

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com             Best Case Bankruptcy

Case 1:20-cv-01843-VMC Document 16-7 Filed 06/18/20 Page 34 of 55
Exhibit Defendants Motion to Dismiss    Page 135 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 30 of 54

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **David A. Gardner, Jr.** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA | |
| Case number (if known) | _____ | ☐ Check if this is an amended filing |

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                        12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

■ No. Go to Part 2.

☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|

| 4.1 | **Home Depot** | Last 4 digits of account number    **0337** | **$4,400.00** |

Nonpriority Creditor's Name

P.O. Box 790328
Saint Louis, MO 63179

When was the debt incurred?    _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                    ☐ Contingent
☐ Debtor 2 only                    ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only        ☐ Disputed
☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ Check if this claim is for a  community debt

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No                    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes                    ■ Other. Specify    **Credit Card**

Case 17-24050-pmb Doc 43-1 Doc 1 R GVFiled 06/18/20 7 Entered 06/18/20 12:47:32 of 55sc
Exhibit Defendants Motion to Dismiss    Page 136 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 31 of 54

Debtor 1    **David A. Gardner, Jr.**                                          Case number (if know) _____

| 4.2 | **Piedmont Healthcare** | Last 4 digits of account number ▮▮▮▮ | $1,500.00 |

Nonpriority Creditor's Name

P.O. Box 102859

**Atlanta, GA 30368**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**When was the debt incurred?** _____

**As of the date you file, the claim is: Check all that apply**

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Account** _____

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

|  |  |  |  | **Total Claim** |
|---|---|---|---|---|
|  | 6a. | Domestic support obligations | 6a. | $    0.00 |
| **Total claims from Part 1** | 6b. | Taxes and certain other debts you owe the government | 6b. | $    0.00 |
|  | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $    0.00 |
|  | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $    0.00 |
|  | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $    0.00 |

|  |  |  |  | **Total Claim** |
|---|---|---|---|---|
|  | 6f. | Student loans | 6f. | $    0.00 |
| **Total claims from Part 2** | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $    0.00 |
|  | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $    0.00 |
|  | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $    5,900.00 |
|  | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $    5,900.00 |

| Fill in this information to identify your case: | |
|---|---|

| | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

# Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1** | |
| Name | |
| Number   Street | |
| City   State   ZIP Code | |
| **2.2** | |
| Name | |
| Number   Street | |
| City   State   ZIP Code | |
| **2.3** | |
| Name | |
| Number   Street | |
| City   State   ZIP Code | |
| **2.4** | |
| Name | |
| Number   Street | |
| City   State   ZIP Code | |
| **2.5** | |
| Name | |
| Number   Street | |
| City   State   ZIP Code | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|

| Debtor 1 | **David A. Gardner, Jr.** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| **Column 1: Your codebtor** | **Column 2: The creditor to whom you owe the debt** |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

3.1 **Lisa Gardner**
**275 Butlers Bridge Dr.**
**McDonough, GA 30252**

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G _____

3.2 **Taylor Gardner**
**275 Butlers Bridge Dr.**
**McDonough, GA 30252**
**debtor's son**

■ Schedule D, line __**2.1**__
☐ Schedule E/F, line _____
☐ Schedule G _____
**Ally Auto**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                        12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:      Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| Occupation | | Cremation | Vet |
| Employer's name | | Self | Luella Vet. Clinic |
| Employer's address | | McDonough, GA 30252 | Hwy. 42<br>Locust Grove, GA 30248 |
| How long employed there? | | 14 years | 3 years |

### Part 2:      Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 100.00 | $ 6,479.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 100.00 | $ 6,479.00 |

Case 1:20-cv-01843-DrMf-RGV Fil0d 06/18/207-7-Ent1ed 06/18/20 12:42:06 of 55c
Exhibit Defendants Motion to Dismiss    Page 140 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document      Page 35 of 54

| Debtor 1 | **David A. Gardner, Jr.** | | Case number *(if known)* | |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 100.00 | $ 6,479.00 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 100.00 | $ 6,479.00 |

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 0.00 | $ 0.00 |
| 8f. | Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: **Net profit from vet practice** | 8h.+ | $ 0.00 + | $ 4,722.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ 4,722.00 |

| 10. | **Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 100.00 + $ 11,201.00 = $ 11,301.00 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____   11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies

| 12. | $ 11,301.00 |
|---|---|
| | Combined monthly income |

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

■ Yes. Explain: | Spouse's business is under month-to-month lease. When terminated her income will fall dramatically. |

---

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | **David A. Gardner, Jr.** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (If known) | |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
     ☐ No
     ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No

   Do not list Debtor 1 and Debtor 2.   ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   | --- | --- | --- |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
| --- | --- |

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.   4. $ 7,671.00

   If not included in line 4:

   | | | |
   | --- | --- | --- |
   | 4a. | Real estate taxes | 4a. $ 420.00 |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ 160.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 0.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |

5. Additional mortgage payments for your residence, such as home equity loans   5. $ 0.00

Case 1:20-cv-01843-DDD-KRG File 06/18/207 - Filed 06/18/20 12:47:04 of 55c
Exhibit Defendants Motion to Dismiss    Page 142 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 37 of 54

Debtor 1 __David A. Gardner, Jr._____          Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 400.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 50.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 150.00 |
| | 6d.   Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 450.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 80.00 |
| 10. | **Personal care products and services** | 10. | $ | 80.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 100.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 91.00 |
| | 15b.   Health insurance | 15b. | $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 500.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:  __tax lien__ | 16. | $ | 2,226.00 |
| | Specify:  __self employment__ | | $ | 850.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 600.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify:   __wife's car payment__ | 17c. | $ | 300.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 5,050.00 |
| | 20b.   Real estate taxes | 20b. | $ | 376.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 19,654.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | | $ | 19,654.00 |

| | | | | |
|---|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 11,301.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 19,654.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -8,353.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.        Explain here: _____

Case 1:20-cv-01843-MLB-RGV  Doc 16/18/20  Entered 06/18/20 12:47:09 of 55 Desc
Exhibit Defendants Motion to Dismiss    Page 143 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 38 of 54

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

# Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    List Your Creditors Who Have Secured Claims

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Ally Auto**<br><br>Description of property securing debt: **2010 Dodge Ram 98000 miles** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>■ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]:<br>_____ | ☐ No<br><br>■ Yes |
| Creditor's name: **Bank of America**<br><br>Description of property securing debt: **Butlers Bridge Dr. McDonough, GA 30252  Henry County 38.84 acres** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>■ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]:<br>_____ | ☐ No<br><br>■ Yes |
| Creditor's name: **Bank of America**<br><br>Description of property securing debt: **leasehold improvements lll Forest Rd. Jackson, GA 30233** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>■ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>■ Yes |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 1:20-cv-01843-DLB-RGV Filed 06/18/20 Entered 06/18/20 12:47:00 Page 144 of 159
Exhibit Defendants Motion to Dismiss    Page 144 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 39 of 54

Debtor 1   David A. Gardner, Jr.                                    Case number (if known) _____

securing debt: _____

---

Creditor's name:   **Car Max**

Description of property:   **2012 Dodge Ram 69000 miles**

securing debt:

- ☐ Surrender the property.
- ☐ Retain the property and redeem it.
- ☒ Retain the property and enter into a *Reaffirmation Agreement.*
- ☐ Retain the property and [explain]: _____

☐ No
☒ Yes

---

Creditor's name:   **Ga. Dept. of Rev.**

Description of property:   **275 Butlers Bridge Dr. McDonough, GA 30252  Henry County**

securing debt:

- ☐ Surrender the property.
- ☐ Retain the property and redeem it.
- ☐ Retain the property and enter into a *Reaffirmation Agreement.*
- ☒ Retain the property and [explain]: **negotiate settlement if possible**

☐ No
☒ Yes

---

Creditor's name:   **Private Bank of Buckhead**

Description of property:   **285 Butlers Bridge Dr. McDonough, GA 30252  Henry County**

securing debt:

- ☐ Surrender the property.
- ☐ Retain the property and redeem it.
- ☒ Retain the property and enter into a *Reaffirmation Agreement.*
- ☐ Retain the property and [explain]: _____

☐ No
☒ Yes

---

Creditor's name:   **Private Bank of Buckhead**

Description of property:   **275 Butlers Bridge Dr. McDonough, GA 30252  Henry County**

securing debt:

- ☐ Surrender the property.
- ☐ Retain the property and redeem it.
- ☒ Retain the property and enter into a *Reaffirmation Agreement.*
- ☐ Retain the property and [explain]: _____

☐ No
☒ Yes

---

Creditor's name:   **Private Bank of Buckhead**

Description of property:   **includes amounts owed on 275 and 285 Butler Bridge Dr., McDonough, GA**

securing debt:

- ☐ Surrender the property.
- ☐ Retain the property and redeem it.
- ☐ Retain the property and enter into a *Reaffirmation Agreement.*
- ☒ Retain the property and [explain]: **avoid lien using 11 U.S.C. § 522(f)**

☐ No
☒ Yes

---

**Part 2:   List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

**Describe your unexpired personal property leases**                                    **Will the lease be assumed?**

Lessor's name:
Description of leased Property:

☐ No
☐ Yes

Lessor's name:

☐ No

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Case 1:20-cv-01843-DMR Document 6-17 Filed 06/13/20 Page 44 of 55
Exhibit Defendants Motion to Dismiss    Page 145 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 40 of 54

Debtor 1  **David A. Gardner, Jr.**                    Case number *(if known)*  _____

Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                       ☐ No
Description of leased
Property:                                                            ☐ Yes

**Part 3:  Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal
property that is subject to an unexpired lease.

X  **/s/ David A. Gardner, Jr.**                        X  _____
   **David A. Gardner, Jr.**                               Signature of Debtor 2
   Signature of Debtor 1

Date  **September 29, 2017**                            Date  _____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **David A. Gardner, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

# Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

|  | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................. | $   407,500.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B.................................. | $   84,150.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B........................................... | $   491,650.00 |

**Part 2:    Summarize Your Liabilities**

|  | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $   1,926,559.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................. | $   0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................ | $   5,900.00 |
| | **Your total liabilities** | $   1,932,459.00 |

**Part 3:    Summarize Your Income and Expenses**

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.............................................. | $   11,301.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*.................................................. | $   19,654.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6. Are you filing for bankruptcy under Chapters 7, 11, or 13?

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7. What kind of debt do you have?

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| | | |
|---|---|---|
| Official Form 106Sum | Summary of Your Assets and Liabilities and Certain Statistical Information | page 1 of 2 |

Debtor 1    **David A. Gardner, Jr.**                              Case number *(if known)* _____

8.   From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form       $ _____
     122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

9.   Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| From Part 4 on *Schedule E/F,* copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $      0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $      0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $      0.00 |
| 9d. Student loans. (Copy line 6f.) | $      0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $      0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$      0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $      0.00 |

Case 1:20-cv-01843-WMR Document 17-7 Filed 06/18/20 Page 148 of 159
Exhibit Defendants Motion to Dismiss    Page 148 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document        Page 43 of 54

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| | First Name                Middle Name                Last Name |
| Debtor 2 (Spouse if, filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ David A. Gardner, Jr.**                    X _____
   David A. Gardner, Jr.                              Signature of Debtor 2
   Signature of Debtor 1

Date **September 29, 2017**                    Date _____

Official Form 106Dec                    Declaration About an Individual Debtor's Schedules

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Georgia

| In re | **David A. Gardner, Jr.** | | Case No. | |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **7** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | **1,500.00** |
    | Prior to the filing of this statement I have received | $ | **0.00** |
    | Balance Due | $ | **1,500.00** |

2.  $ **335.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **September 29, 2017** | **/s/ Darrel L. Hopson No.** |
| *Date* | **Darrel L. Hopson No. 366725** |
| | *Signature of Attorney* |
| | **Darrel L. Hopson, P.C.** |
| | **109 Stockbridge Road** |
| | **P.O. Box 1034** |
| | **Jonesboro, GA 30237** |
| | **770-471-3868  Fax: 770-471-1272** |
| | **dlhopson@aol.com** |
| | *Name of law firm* |

---

Case 1:20-cv-01843-MLB-RGV   Document 17-7   Filed 06/18/20   Page 150 of 159
Exhibit Defendants Motion to Dismiss   Page 150 of 159
Case 17-66923-pmb   Doc 1   Filed 09/29/17   Entered 09/29/17 10:57:38   Desc Main
Document      Page 45 of 54

# United States Bankruptcy Court
## Northern District of Georgia

In re  **David A. Gardner, Jr.**

_____

Debtor(s)

Case No. _____

Chapter    **7**    _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:  **September 29, 2017**

/s/ David A. Gardner, Jr.

**David A. Gardner, Jr.**

Signature of Debtor

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Case 1:20-cv-01843-DDD-KRV  Filed 06/18/20  Entered 06/18/20 12:47:48  Desc
Exhibit Defendants Motion to Dismiss    Page 152 of 159

Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document        Page 47 of 54

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

|   | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Case 1:20-cv-01843-DNR-R4RGV Filed 06/18/2017 Entered 06/18/20 12:47:49 of 55 Desc
Exhibit Defendants Motion to Dismiss    Page 153 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 48 of 54

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Chapter 12: Repayment plan for family farmers or fishermen

|   |        |                    |
|---|--------|--------------------|
|   | $200   | filing fee         |
| + | $75    | administrative fee |
|   | $275   | total fee          |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

### Chapter 13: Repayment plan for individuals with regular income

|   |        |                    |
|---|--------|--------------------|
|   | $235   | filing fee         |
| + | $75    | administrative fee |
|   | $310   | total fee          |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

Case 1:20-cv-01843-DNR-BR-GW Filed 06/16/20 -- Entered 06/16/20 12:42:04 of 55c
Exhibit Defendants Motion to Dismiss    Page 154 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 49 of 54

| Warning: File Your Forms on Time |
|---|

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Case 1:20-cv-01843-MHC-RGV Document 1-7 Filed 06/18/20 Page 155 of 159
Exhibit Defendants Motion to Dismiss    Page 155 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 50 of 54

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|
| Debtor 1 **David A. Gardner, Jr.** | ■ 1. There is no presumption of abuse |
| Debtor 2 (Spouse, if filing) | ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2). |
| United States Bankruptcy Court for the:  Northern District of Georgia | ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later. |
| Case number (if known) | ☐ Check if this is an amended filing |

## Official Form 122A - 1

# Chapter 7 Statement of Your Current Monthly Income
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1.  **What is your marital and filing status?** Check one only.

☐ **Not married.** Fill out Column A, lines 2-11.

■ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

    ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

    ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 2.  **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ _____ | $ _____ |
| 3.  **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ | $ _____ |
| 4.  **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ _____ | $ _____ |

5.  **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | | |
| Ordinary and necessary operating expenses | -$ _____ | | |
| Net monthly income from a business, profession, or farm | $ _____ | Copy here -> $ _____ | $ _____ |

6.  **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | | |
| Ordinary and necessary operating expenses | -$ _____ | | |
| Net monthly income from rental or other real property | $ _____ | Copy here -> $ _____ | $ _____ |

7.  **Interest, dividends, and royalties** | | $ _____ | $ _____ |

Case 1:20-cv-01843-DKW-RVF Filed 06/18/20 Entered 06/18/20 12:47:54 of 55
Exhibit Defendants Motion to Dismiss    Page 156 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 51 of 54

Debtor 1    **David A. Gardner, Jr.**                                        Case number (*if known*) _____

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8. **Unemployment compensation** | $ _____ | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you .................................................................. $ _____

For your spouse .................................................. $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. ......... $ _____    $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

_____ $ _____    $ _____

_____ $ _____    $ _____

Total amounts from separate pages, if any. + $ _____    $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ _____  +  $ _____  =  $ _____

Total current monthly income

---

**Part 2:**    **Determine Whether the Means Test Applies to You**

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ..................    Copy line 11 here=>    $ _____

Multiply by 12 (the number of months in a year)    x 12

12b. The result is your annual income for this part of the form    12b.    $ _____

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    _____

Fill in the number of people in your household.    _____

Fill in the median family income for your state and size of household. ..................    13.    $ _____

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a.    ☐    Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3.

14b.    ☐    Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A–2.*
Go to Part 3 and fill out Form 122A–2.

---

**Part 3:**    **Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X  **/s/ David A. Gardner, Jr.** _____

**David A. Gardner, Jr.**
Signature of Debtor 1

Date    **September 29, 2017** _____
MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

---

Case 1:20-cv-01843-DLC Document 7-7 Filed 06/18/20 Page 157 of 159
Exhibit Defendants Motion to Dismiss   Page 157 of 159
Case 17-66923-pmb   Doc 1   Filed 09/29/17   Entered 09/29/17 10:57:38   Desc Main
Document   Page 52 of 54

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **David A. Gardner, Jr.** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Georgia |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 122A – 1Supp
## Statement of Exemption from Presumption of Abuse Under § 707(b)(2)          12/15

File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 if you believe that this is required by 11 U.S.C. § 707(b)(2)(C).

### Part 1    Identify the Kind of Debts You Have

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 1).

   ■ No.   Go to form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

   ☐ Yes.  Go to Part 2.

### Part 2:    Determine Whether Military Service Provisions Apply to You

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

   ☐ No.   Go to line 3.

   ☐ Yes.  Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

      ☐ No.   Go to line 3.

      ☐ Yes.  Go to Form 122A-1: on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☐ No.   Complete Form 122A-1. Do not submit this supplement.

   ☐ Yes.  Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

      ☐ No.   Complete Form 122A-1. Do not submit this supplement.

      ☐ Yes.  Check any one of the following categories that applies:

         ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty.

         ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

         ☐ **I am performing a homeland defense activity for at least 90 days.**

         ☐ **I performed a homeland defense activity for at least 90 days,** ending on _____, which is fewer than 540 days before I file this bankruptcy case.

> If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, *The Means Test does not apply now,* and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).
>
> If your exclusion period ends before your case is closed, you may have to file an amended form later.

Case 1:20-cv-01843-DWM-RGV Filed 06/18/207-Entered 06/18/20 12:47:54 of 55c
Exhibit Defendants Motion to Dismiss    Page 158 of 159
Case 17-66923-pmb    Doc 1    Filed 09/29/17    Entered 09/29/17 10:57:38    Desc Main
Document    Page 53 of 54

```
Ally Auto
P.O. Box 380901
Minneapolis, MN 55438


Bank of America
P.O. Box 31785
Tampa, FL 33631-3785


Car Max
P.O. Box 440609
Kennesaw, GA 30160


Ga. Dept. of Rev.
P.O. Box 740387
Atlanta, GA 30374-0387


Home Depot
P.O. Box 790328
Saint Louis, MO 63179


Lisa Gardner
275 Butlers Bridge Dr.
McDonough, GA 30252


Piedmont Healthcare
P.O. Box 102859
Atlanta, GA 30368


Private Bank of Buckhead
3565 Piedmont Rd.
Building Three, Ste 210
Atlanta, GA 30305


Private Bank of Buckhead
3565 Piedmont Road
Building Three, Suite 210
Atlanta, GA 30305
```

```
Private Bank of Buckhead
c/o Jones & Walden, P.C.
21 Eighth SE, NE
Atlanta, GA 30309


Taylor Gardner
275 Butlers Bridge Dr.
McDonough, GA 30252
```

Filed in Clerk's Office and
a true copy certified this
24 day of April, 2020
M. REGINA THOMAS, CLERK

By: _____
Deputy Clerk